[No. 15504.   Department One.—December 15, 1894.]

HENRY C. HYDE, ASSIGNEE, ETC., PLAINTIFF, *v.* ROBERT BOYLE ET AL., DEFENDANTS, H. C. HYDE, ASSIGNEE ETC., ET AL., APPELLANTS, R. S. THORNTON ET AL., RESPONDENTS.

WRIT OF RESTITUTION—REVERSAL OF ORDER—RIGHTS OF APPELLANT.— Upon a reversal of an order for a writ of restitution the appellant is entitled to be restored to all that he has lost by virtue of the order, and to be placed in the same position as he was prior to the execution of the writ, by the removal of all persons that have been placed in possession of the land by virtue of the writ, as well as of all those who have come in under him after that date.

ID.—ATTORNMENT OF TENANT OF APPELLANT—EVICTION—RESTORATION OF POSSESSION.—The eviction of one who was in possession of premises as the tenant of the appellant against whom a writ of restitution was issued, at the time the writ was executed, and against whom the writ was executed by the attornment of such tenant to the assignee of the plaintiff by his agent, was the eviction of the appellant, and upon reversal of the order for the writ, the appellant is entitled to be restored to the possession as against such tenant.

ID.—ORDER REFUSING TO VACATE WRIT—APPEAL—CONFLICTING EVIDENCE. Upon an appeal from an order refusing to vacate a writ of restitution,

where the evidence taken before the court upon the hearing of the motion was substantially conflicting, and there is evidence tending to show that the writ was rightfully issued, the order denying the motion will be affirmed.

ID.—TITLE UNDER FORECLOSURE—WRIT OF ASSISTANCE—ACTION OF EJECTMENT.—In an ordinary action of ejectment the relief to be given is the same as that in any other action of ejectment, notwithstanding the plaintiff's title is derived through a purchase under the foreclosure of a mortgage; and the plaintiff is not entitled in the action of ejectment to the same relief as if a writ of assistance had been asked for under the decree of foreclosure.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate an order for a writ of restitution and from an order denying a motion to retax costs.

The facts are stated in the opinion of the court.

*T. M. Osmont*, for Appellant.

It plainly appeared that there was fraud and collusion between Green and Thornton, and the latter should not be permitted to stop the running of the writ of restitution, but should be remitted to his action of ejectment. (*California Q. M. Co.* v. *Redington*, 50 Cal. 161; *Leese* v. *Clark*, 29 Cal. 665; *Den* v. *Fen*, 13 N. J. L. 67.) If Green was Thornton's tenant both must go out under the writ. (*Long* v. *Neville*, 29 Cal. 131; *Sampson* v. *Ohleyer*, 22 Cal. 200, 206; *Dimick* v. *Deringer*, 32 Cal. 488; *Hanson* v. *Armstrong*, 22 Ill. 443; *Wallen* v. *Huff*, 3 Sneed, 82; 55 Am. Dec. 49; *Rodgers* v. *Bell*, 53 Ga. 96, 98.) The issuance of the writ applied for by plaintiff and his successor is authorized by section 685 of the Code of Civil Procedure, and should have been awarded. Plaintiff's judgment for the possession, upon a title antedating respondent's, has never been satisfied. This title was bought and paid for by the plaintiff, and it was the duty of the court to award the process necessary to carry its judgment into effect. (*McMann* v. *McAtee*, 37 Cal. 14.)

*Edw. F. Fitzpatrick, B. B. Newman*, and *Fox, Kellogg & Gray*, for Respondent.

Both T. M. Osmont and Hannah Green are privies to

the two former judgments in this case (*Hyde* v. *Boyle*, 93 Cal. 1; *Robinson* v. *Thornton*, 102 Cal. 675), and are as much bound by them as Hyde and Robinson. (*Wood* v. *Ensel*, 63 Mo. 193; *Dulin* v. *Howard*, 66 N. C. 433; 21 Am. & Eng. Ency. of Law, 132, 139; *Woods* v. *Montevello Coal etc. Co.*, 84 Ala. 561; 5 Am. St. Rep. 393; *Hunt* v. *Haven*, 52 N. H. 162; *Winston* v. *Westfeldt*, 22 Ala. 760; 58 Am. Dec. 278; *Pray* v. *Hegeman*, 98 N. Y. 351; *Lipscomb* v. *Postell*, 38 Miss. 376; 77 Am. Dec. 651; *Shattuck* v. *Bascom*, 105 N. Y. 39; *Hair* v. *Wood*, 58 Tex. 77; *Adams Co.* v. *Graves*, 75 Iowa, 642; *Cunningham* v. *Harris*, 5 Cal. 81–82; *Webster* v. *Mann*, 56 Tex. 119–23; 42 Am. Rep. 688; *Stoutimore* v. *Clark*, 70 Mo. 471–78; *Sobey* v. *Beiler*, 28 Iowa, 323–25; *Beebe* v. *Elliott*, 4 Barb. 457; *Cole* v. *Favorite*, 69 Ill. 457; *Finney* v. *Boyd*, 26 Wis. 366; *Cushing* v. *Edwards*, 68 Iowa, 145; *Whitford* v. *Crooks*, 54 Mich. 262; *Claflin* v. *Flecher*, 7 Fed. Rep. 851; *Burns* v. *Gavin*, 118 Ind. 320–22; *Palmer* v. *Hayes*, 112 Ind. 289–92.)

HARRISON, J.—This action was commenced August 12, 1873, by William Ford against Robert Boyle, Benjamin S. Green, and five others, for the possession of certain land in San Mateo county. The defendants other than Green answered the complaint, and upon a trial of the action a judgment of nonsuit was entered in their favor August 12; 1881. August 22, 1881, the plaintiff caused a judgment to be entered in his favor against the defendant Green, whose default for want of an answer had been entered October 10, 1873. Prior to the entry of these judgments Ford had been adjudged a bankrupt, and Henry C. Hyde, who had been appointed his assignee in bankruptcy, was substituted as plaintiff in the action. Green died in 1882, and on the 20th of November, 1888, an *ex parte* order of the superior court was made upon an application on behalf of the plaintiff for the issuance of a writ of restitution upon the judgment against Green. The writ was issued, and on the next day was placed in the hands of the sheriff, who, on

the 23d of November, 1888, returned the same with his indorsement thereon that he had executed it according to its terms. Certain tenants of the respondent Thornton were evicted under the writ, and afterwards reentered upon the lands, and on the 11th of March, 1889, the superior court made an order adjudging them guilty of contempt, and directing that an *alias* writ of restitution issue. April 23, 1889, the respondent Thornton moved the said court to set aside its order of November 20, 1888, ordering a writ of restitution; also its order of March 11, 1889, adjudging his tenants guilty of contempt, and directing the issuance of an *alias* writ. This motion was denied May 24, 1889, and from this order Thornton appealed. Upon that appeal the order was reversed, and the superior court was directed to vacate and set aside the orders referred to in his motion. (*Hyde* v. *Boyle*, 93 Cal. 1.) After the *remittitur* had been filed in the court below that court made an order March 1, 1892, vacating and annulling its previous orders of November 20, 1888, and March 11, 1889, in accordance with the directions of this court, and also all orders and proceedings based thereon, and upon the application of Thornton made an order March 25, 1892, for the issuance of a writ of restitution directing and commanding the sheriff to remove all persons in possession of the land and premises described in said writ under the order made and entered on November 20, 1888, and to place Thornton in the quiet and peaceable possession thereof. Under this order a writ of possession was issued and placed in the hands of the sheriff for execution March 26, 1892, and on April 8, 1892, the appellants herein moved the court for an order recalling the writ and vacating the order for its issuance, and directing that a writ of restitution upon the judgment in the action be issued in their favor, as the successors in interest of the plaintiff therein. This motion was denied, and from the order denying the same the present appeal has been taken.

The lands involved in this proceeding have been in

litigation for upwards of twenty years, during which time many actions and proceedings have been instituted between the respective claimants thereto, from which appeals have in some cases been taken, so that the history of the litigation is not entirely unfamiliar to the court.

In their application to vacate the order restoring Thornton to the possession of the lands from which he had been evicted under the writ of restitution issued November 20, 1888, the appellants state as the grounds therefor, "that no persons are in possession of any of the lands in said writ described, who entered under the writ of restitution issued herein on the twenty-first day of November, 1888, and executed on the 23d of the same month; that R. S. Thornton has no right, title, or interest in or to said premises, nor any right to the possession, and that the execution of said writ issued on the 26th of March, 1892, would be an abuse of the process of the court."

Upon the reversal of the orders for the writs of restitution Thornton was entitled to be restored to all that he had lost by virtue of these orders, and to be placed in the same position as he was prior to the execution of the writ. This would require the removal of all persons who had been placed in possession of the land by virtue of the writ, as well as all others who had come in under them after that date. The sheriff returned that he executed the writ of restitution of November 21, 1888, "by placing C. P. Robinson, the assignee of the plaintiff therein, by his agent, Mr. T. M. Osmont, in the quiet and peaceable possession of the premises therein described." Hannah Green, one of the appellants, states in her affidavit that the writ was executed as to her by her attorning to C. P. Robinson, and that she signed a memorandum acknowledging the rights of Robinson to the possession of the premises; that Robinson had conveyed all his title to the premises to T. M. Osmont, and that for more than two years last past (that is, prior to April 6, 1892, the date of her affidavit) she had occupied

the premises by the consent, leave, and license of said
Osmont. The court was thus authorized to find that
she had come into possession of the land under Robin-
son, who had been placed there by the sheriff by virtue
of the writ, and that her possession was that of Robin-
son through Osmont. Although she also claimed to
have been in possession of the premises for a period
antedating the commencement of the action in eject-
ment, yet, on the other hand, Thornton claimed that for
a long time next prior to the execution of the writ her
possession was as his tenant. If, in fact, she was in pos-
session of the premises as a tenant of Thornton at the
time the writ was executed, her eviction was the evic-
tion of Thornton, and he was entitled to be restored to
the possession.

The right of a plaintiff, in whose favor a judgment
for the recovery of land has been rendered, to dispossess
under a writ of restitution, not only the defendants in
the action, but all persons who have entered under them
subsequent to its commencement, is not questioned on
this appeal. But in the present case the main and
almost the only question which the court below was
called upon to determine, was whether Thornton had
entered under Green after the commencement of the
action in 1873, and whether the other occupants of the
land were tenants of Thornton. Upon both of these
propositions there was a very sharp and decided con-
flict in the affidavits, and the action of the court in
denying the motion of the appellants must be affirmed,
upon the ground that the decisions of the trial court,
upon conflicting statements of fact, will not be reviewed
by this court. But even if the conflict in the affidavits
had been less marked, and only such as to create an
uncertainty in the mind of the judge, he was not re-
quired to grant the motion of the appellants, but would
have been justified in requiring that their respective
rights to the land should be presented to a jury before
which the witnesses might appear in person, and be
subjected to a cross-examination upon their statements.

There are many circumstances presented by the affidavits herein which would naturally suggest such a course. More than seven years had elapsed after the entry of the judgment before the application for the writ of restitution was made. Green, who was the only defendant against whom the judgment ran, died within less than two years after the judgment. Green had made a conveyance of the land to Thornton more than a year before the commencement of the action in ejectment, and Thornton had stated in his affidavit that Green had then put him in possession of the land, and had himself thereafter, and until his death, occupied it as his tenant; and, while the affidavit of Mrs. Green contradicted these statements, there were other matters presented in her affidavit and in the other affidavits on her behalf submitted to the court, which tended to corroborate the statements of Thornton. Mrs. Green does not claim to have had any separate title to the property, or that during the lifetime of her husband she had any possession distinct from his, or that after his death she had any claim thereto other than by succession as his widow. We cannot say from an examination of the record that the appellants have shown a clear right to have the judgment executed as against the respondents, or that the respondents entered upon the land after the commencement of the action. The conflict between the affidavits on behalf of the respective parties was at least sufficient to create a doubt in the mind of the court.

The suggestion of the appellants, that because the plaintiffs' title is derived through a purchase under the foreclosure of a mortgage, they are entitled to the same relief as if they had asked for a writ of assistance under the decree of foreclosure, cannot be maintained. This action is an ordinary action of ejectment, and the relief to be given is the same as that in any other action of ejectment, irrespective of the evidence by which the plaintiff may establish his right to the possession of the land.

The notice of appeal contains also an appeal from an

order denying the plaintiffs' motion to retax the costs, and refusing to strike out the items of cost embraced in the cost bill of the respondents; but the transcript contains no copy of this order or of the cost bill; nor has the plaintiff presented any reason why the order is not correct.   For these reasons this order must be affirmed.

The orders appealed from are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.