[S. F. No. 2237. In Bank.—February 17, 1903.]

EDWARD I. SHEEHAN, Tax-Collector, etc., Appellant, and JOSEPH LIVINGSTON et al., Respondents, v. GEORGE W. OSBORN et al., Respondents.

JUDGMENT—MOTION TO VACATE—CONFLICTING AFFIDAVITS—REVIEW UPON APPEAL.—The decision of the trial court upon a motion to vacate a judgment of dismissal of an action, where the affidavits were conflicting as to all matters material to the motion, will not be disturbed upon appeal. The rule that the trial judge is the final

arbiter as to all questions of fact, applies in all cases, whether the evidence is given orally, or by deposition, or affidavit.

Id.—Judgment of Dismissal—Motion by Tax-Collector—Dupont-Street Bonds—Action to Set Aside Former Judgment—Representation of Bondholders.—Upon a motion made by the tax-collector to vacate a judgment of dismissal in an action brought by the tax-collector and certain holders of Dupont-Street bonds, on behalf of all holders thereof, to set aside a former judgment declaring the Dupont-Street assessment void and enjoining the tax-collector from selling certain land, the tax-collector does not represent the county, but only the interests of the other bondholders not parties to the action dismissed.

Id.—Laches of Bondholders.—Where it appears upon such motion that the action dismissed was not prosecuted for two years, and that about sixteen years passed after the entry of the original judgment before the bondholders really interested in the motion even consulted an attorney, or made any effort to look after their interest in the action to set that judgment aside, and then after receiving actual notice that the action was about to be dismissed, waited another six months before taking action to have the motion made,—*held*, that they were guilty of laches, defeating the motion.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate a judgment of dismissal. W. R. Daingerfield, Judge.

The facts are stated in the opinion.

Lloyd & Wood, Page, McCutchen & Eells, Page, McCutchen & Knight, and Coogan & Hahn, for Appellant.

A party may move to set aside a judgment of dismissal entered at his own request. (*Kaufman* v. *Shain*, 111 Cal. 16; [1] *Brackett* v. *Banegas*, 99 Cal. 623, 625; *Montgomery* v. *Ellis*, 6 How. Pr. 326; *Downing* v. *Still*, 43 Mo. 309; Freeman on Judgments, 4th ed., sec. 117.) The limit of a reasonable time, under section 473, will be deemed the limit of six months to vacate a judgment where there is no injury to the rights of the other party. (*Wolff* v. *Canadian Pac. Ry. Co.*, 89 Cal. 332, 337.) The bondholders interested might have made the motion in the name of the tax-collector plaintiff as their representative. (*Ætna Ins. Co.* v. *Aldrich*, 38 Wis. 107; *Crescent Canal Co.* v. *Montgomery*, 124 Cal. 134; *Malone* v. *Big Flat etc. Mining Co.*, 93 Cal. 384.)

---

[1] 52 Am. St. Rep. 139.

CXXXVIII. Cal.—33

Morrison & Cope, for Crocker Estate Company, Respondent.

The order was made upon conflicting affidavits, and cannot be disturbed. (*Poirier* v. *Gravel,* 88 Cal. 79, 83; *Menzies* v. *Watson,* 105 Cal. 109, 113.) The presumption is in favor of orders as well as of judgments. (*Worthington* v. *Olden,* 31 Iowa, 419; *East Tenn. etc. Ry. Co.* v. *Lee,* 90 Tenn. 570.) The order was in the discretion of the court, and there was no plain abuse of discretion. (*Garner* v. *Erlanger,* 86 Cal. 60, 62, 63, and cases cited.) The alleged fraud between a plaintiff and his attorney was not ground for relief against a defendant. (*Davis* v. *Chalfant,* 81 Cal. 627; *Wilson* v. *Smith,* 17 Tex. Civ. App. 188.) The parties interested were guilty of laches. The six months is not a matter of right where it is the duty of parties who have long delayed action to proceed promptly. (*People* v. *Temple,* 103 Cal. 447, 453; *Bozzio* v. *Vaglio,* 10 Wash. 270; *Knox* v. *Clifford,* 41 Wis. 459; *Gerrish* v. *Johnson,* 5 Minn. 23; *Sargent* v. *Kindred,* 5 N. Dak. 472.)

Naphtaly, Freidenrich & Ackerman, for George W. Osborn and Isaac Kahn, Respondents.

The order should not be disturbed upon appeal. (*Bell* v. *Peck,* 104 Cal. 35; *Poirier* v. *Gravel,* 88 Cal. 79; *Garner* v. *Erlanger,* 86 Cal. 60; *Youngman* v. *Tonner,* 82 Cal. 611; *Estate of Rose,* 80 Cal. 166; *Reay* v. *Butler,* 95 Cal. 206; *Priest* v. *Brown,* 100 Cal. 627.) Error will not be presumed. (*Moore* v. *Massini,* 43 Cal. 389; *Herriter* v. *Porter,* 23 Cal. 385; *Campbell* v. *Walls,* 77 Cal. 250; *Clark* v. *Sawyer,* 48 Cal. 133; *Eastman* v. *Cook,* 90 Cal. 238; *Canning* v. *Central Pac. R. R. Co.,* 50 Cal. 166.) No mistake or excusable neglect is shown as ground for granting the motion. The alleged negligence of an attorney is not ground for relief from a judgment, unless shown to be excusable. (*Smith* v. *Tunstead,* 56 Cal. 175; *Haight* v. *Green,* 19 Cal. 118; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Ekel* v. *Swift,* 47 Cal. 622; *Douglass* v. *Todd,* 96 Cal. 655; [1] *Gray* v. *Sabin,* 87 Cal. 211; *Shearman* v. *Jorgensen,* 106 Cal. 483; *McGuire* v. *Drew,* 83 Cal. 225.) The moving parties were guilty of laches. (*Carpentier* v. *Hart,* 5 Cal. 406.)

---

[1] 31 Am. St. Rep. 247.

A. Heyneman, for Bernhard Schweitzer, Respondent.

Garret W. McEnerney, for Joseph Livingston et al., Respondents.

GRAY, C.—This is an appeal by the tax-collector of the city and county of San Francisco from an order refusing to grant a motion to set aside an order and judgment of dismissal made and entered on motion of appellant's predecessor in the office of tax-collector. The judgment of dismissal had been entered at the request of the plaintiffs nearly six months previously, in a case wherein the tax-collector and four of the holders of what are known as the Dupont-Street bonds were plaintiffs, suing on behalf of all the holders of said bonds. At the time of the said dismissal the case dismissed had been pending for upwards of two years without any action having been taken therein and a motion to dismiss for failure to prosecute had been threatened. The object of the action dismissed was to set aside a judgment that had been entered against said bondholders and the tax-collector some fourteen years prior thereto, in a suit brought to have declared void what was known as the Dupont-Street assessment, and to enjoin the tax-collector from selling the lands of the plaintiffs therein under said assessment. The affidavits upon which the motion for relief from the judgment of dismissal were heard were conflicting as to all matters material to the motion, and it was for the trial judge, upon this conflict, to determine where the truth lay. The rule that the trial judge is the final arbiter as to all questions of fact where the evidence is conflicting applies in all cases whether the evidence is given orally or by deposition or affidavit. (*Poirier* v. *Gravel,* 88 Cal. 79; *Reay* v. *Butler,* 95 Cal. 206; *Priest* v. *Brown,* 100 Cal. 627.) The chief ground of the motion to vacate the order of dismissal was that the tax-collector was in ignorance of the effect of a dismissal on the rights of the bondholders who were not actual parties to the suit. Treadwell, who controlled the case for plaintiff, swears that when he procured the tax-collector's consent to the dismissal, he distinctly told him that on a dismissal the statute of limitations would become a conclusive bar to another suit. Treadwell flatly contradicted everything material to the

motion sworn to by the tax-collector, who made the motion for relief from the judgment of dismissal.·

Appellant seems to concede the rule that the decision of the trial judge, so far as the facts are concerned, will not be interfered with on appeal when there is any evidence upon which it can reasonably be based, and that this rule applies whether the evidence is taken by affidavit or otherwise; and still he contends that the preponderance of evidence showed that the motion should have been granted, and that the trial judge did not accept Treadwell's version of the matter, and must have denied the motion upon some ground aside from the evidence. On appeal, if it appears that there is any reasonable ground upon which the action of the lower court can be upheld, the appellate court will adopt that ground and affirm the order or judgment appealed from. As we have already seen, it is for the trial judge to say where the preponderance of the evidence lies, and in support of the order we will presume that the testimony of Treadwell was taken as true. Admitting the truth of his affidavits, the court was warranted in holding as it did.

Again, the trial court was warranted in denying the motion on the ground of laches. The city and county is not a party to the dismissed suit, and the tax-collector, having no personal interest in that suit, sought to maintain it, as he now seeks to set aside the judgment in it, only for the benefit of the holders of the Dupont-Street bonds who were not actual parties to the suit. The bondholders who were actual parties were settled with and desired to dismiss, and did not join in the motion to vacate, and are not appealing, but are respondents herein. The only parties directly interested in, or that would be benefited by, an order vacating the judgment of dismissal were, and are, those parties who were not actually parties to the suit. Some of those parties, as appears from their affidavits on motion, never knew of the pendency of the case brought for their benefit until after the judgment of dismissal had been made by the court; others of them had actual notice that the case was to be dismissed, and yet they did not appear in the case or attempt to prevent the dismissal. Six months, lacking only a few days, elapsed thereafter before they attempted, through the tax-collector to have the judgment of dismissal set aside. And thus it appears

that about sixteen years passed after the entry of the original judgment before the parties really interested in this appeal even consulted an attorney or made any effort whatever to look after any interest they might have in vacating the judgment; and then, after receiving actual notice that the second case was about to be dismissed, they wait another six months before taking action in the matter. If this was not laches on their part, it would be difficult to make out a case of laches. And as they are the only parties interested in the result of this appeal, it is their conduct, so far at least as this question of laches is concerned, that is to be looked to, and not the conduct of the actual parties plaintiff in the dismissed suit.

These are perhaps not the only reasons why the order appealed from should not be disturbed, but we deem them sufficient, and think it unnecessary to notice the other questions discussed in the briefs.

We advise that the order appealed from be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Henshaw, J.      McFarland, J.,      Angellotti, J.,
Shaw, J.,        Van Dyke, J.,       Lorigan, J.

Beatty, C. J., being disqualified, did not participate in the foregoing.

Rehearing denied.