[Civ. No. 5394.   Second Appellate District, Division Two.—May 29, 1929.]

J. L. BROWN, Respondent, v. DE WAARD & SONS et al., Appellants.

Crouch & Sanders for Appellants.

LeRoy B. Lorenz for Respondent.

CRAIG, J.—This appeal is one from an order denying a motion to vacate a default judgment. The motion was supported by affidavits claiming an oral telephonic stipulation between counsel to the effect that no demurrer or answer need be filed pending the hearing of a motion for change of venue to be made by the defendants; that notwithstanding such stipulation and before hearing upon the last-named motion, plaintiff's attorney caused default to be entered. A counter-affidavit was filed, in which plaintiff's attorney denied having made any stipulation other than that defendants have two days and until the end of that week in which to serve and file their answer. The affidavits of defendants further recite certain facts concerning the conduct of counsel for the

plaintiff, to the effect that on the day after default had been taken and on the day the hearing of the motion for change of venue was to be heard, counsel for both sides appeared in open court and agreed that the hearing upon said. motion be continued until the following day, no reference being made by plaintiff's attorney to the fact that he had entered the default. This and another alleged incident of the same character could only be considered as corroborative of the defendants' affidavits to the effect that the stipulation claimed by them was actually made.

We have, then, a direct conflict concerning the stipulation. The situation is such that the decision of the trial court will be upheld, even though if the matter were one presented *de novo* here we might be inclined to rule otherwise. The action of the Superior Court, and its decision as to which affidavits contained the truth, are conclusive. (*Patterson* v. *Keeney*, 165 Cal. 465 [Ann. Cas. 1914D, 232, 132 Pac. 1043].)

We find nothing in the decisions cited by appellants which is in conflict with this well-recognized principle. In nearly all the cases to which reference is made in their brief, an oral stipulation was conceded or found by the court to have existed. In none of them where an order denying a motion to set aside a default was refused and the judgment set aside does it appear that there was any finding against the existence of a stipulation upon which the moving party relied. The only case in which the language employed might seem at all inharmonious with the general rule that the decision of the trial court on disputed matters of fact is conclusive, is *Savings Bank of Santa Rosa* v. *Schell*, 142 Cal. 505 [76 Pac. 250]. However, a careful examination of that decision discloses that it was found below that the parties against whom the default was taken had requested a third party, an attorney, to procure an extension of time from the plaintiff's counsel. The go-between attorney reported to defendant's counsel that he had secured the extension of time. Under these circumstances the supreme court ruled that the default should have been granted, because it was clear that the defendant's counsel had reason to believe and did believe that the stipulation extending time had been given. In the case at bar it must be presumed from the fact that the lower court denied the motion that it

found the nonexistence of a stipulation, and if so there was no ground for the defendants' attorney to have been misled or to have had reason to believe that he was protected thereby.

The order is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.