[Civ. No. 4454. Third Appellate District.—December 11, 1931.]

MABEL B. TARANTO et al., Respondents, v. ALEX DICK, Appellant.

162

I. Henry Harris for Appellant.

Andreani, Haines, Bisher & Carrey for Respondents.

THOMPSON (R. L.), J.—This is an appeal from an order denying the motion to set aside and vacate a judgment which was entered on default for failure to answer within the time allowed by law.

The plaintiff instituted a suit for rescission of a contract to purchase real property for a breach of covenants therein contained, and to recover $1,000 which was advanced on account of the purchase price thereof. The complaint was filed in October, 1928. The defendant commenced negotiations with the object of securing a compromise of the issues in dispute. It is conceded that the attorneys for the respective parties conferred regarding the proposed settlement on December 26, 1928. Satisfactory terms were not agreed upon. The default of the defendant for failure to answer the complaint was entered December 31, 1928. January 7, 1929, a default judgment was duly entered. The defendant subsequently served and filed, pursuant to section 473 of the Code of Civil Procedure, a motion to set aside the default and to vacate the judgment for excusable neglect, which was heard by the court on January 14, 1929. This application was determined upon affidavits of

the respective parties which were conflicting with respect to the notice of the entry of default.

The affidavit of Mr. Harris, attorney for the appellant, avers that Mr. Haines, one of the plaintiffs' attorneys, told him over the telephone: "No default would be entered until ample time was afforded him within which to consult counsel and interpose an answer, and further stated to the affiant that he need not interpose any answer until ten days after negotiations were broken off, or until notice was given." In the counter-affidavit of Mr. Haines, he avers that on December 26, 1928, he verbally notified Mr. Harris "that negotiations in respect to a settlement were at an end". He also denies that he ever discussed the subject of entering default, or that he promised Harris additional time after the termination of negotiations, or at all, within which to file an answer. Mr. Prudhon, an attorney who was associated with counsel for the respondent, was also charged with making oral promises to extend the time for defendant to answer, in the event of a failure to reach a settlement of the case, until after formal notice to do so had been first served. Mr. Prudhon also filed a counter-affidavit in the proceeding to set aside the default judgment, in which he specifically denied each and all of the material averments. Upon these conflicting affidavits the court denied the application to set aside the default or vacate the judgment. From this order the defendant has appealed.

■ On appeal from an order refusing to set aside a default judgment where the motion was determined upon affidavits of respective parties which were contradictory regarding the essential issues involved, this court may not hold there was an abuse of discretion on the part of the trial court.

■ Upon satisfactory evidence that a default judgment was entered in opposition to an oral agreement extending the time within which to answer, when the stipulation is relied upon in good faith, a court may properly set aside the default and vacate the judgment. (14 Cal. Jur. 1032, sec. 93.) But the determination of such a motion, which is presented pursuant to section 473 of the Code of Civil Procedure, when it is decided upon conflicting evidence, will be conclusive upon the appellate court, unless it should clearly appear the trial court has abused

its discretion. (*Brown* v. *De Waard & Sons,* 99 Cal. App. 222 [278 Pac. 257]; 14 Cal. Jur. 1072, sec. 115.) It was exclusively the province of the trial judge to determine the credibility of affiants and the weight of the evidence which was adduced. In *Smith* v. *Pickwick Stages System,* 113 Cal. App. 118 [297 Pac. 940, 941], it is said: "These two affidavits are in direct conflict in every important particular. The trial court accepted the affidavit made on behalf of plaintiff as true. This action of the trial court in determining whom to believe is conclusive on appeal to this court."

Under the circumstances of the present case the denial of the appellant's motion to set aside the default and vacate the judgment rested in the sound discretion of the trial court. This discretion may not be interfered with. (*Coleman* v. *Rankin,* 37 Cal. 247.)

The order is affirmed.

Plummer, J., and Preston, P. J., concurred.