[Civ. No. 5041. Third Appellate District.—January 26, 1934.]

C. R. ZUVER et al., Respondents, v. GENERAL DEVELOPMENT COMPANY (a Corporation) et al., Defendants; McCABE–FEWEL AND COMPANY (a Corporation), Appellant.

Knight & Reynolds for Appellant.

Clarence P. Wallick and John J. Selover for Respondents.

THOMPSON, J.—This is an appeal from a final judgment of rescission and from an order refusing to set aside a default judgment which was entered against the appellant for failure to appear at the trial of the case.

The plaintiffs executed an agreement with the General Development Company to purchase lots 1 and 2, block 5, tract 10263 in Los Angeles County. In payment for this property two promissory notes secured by trust deeds upon the lots were executed. One of these notes and trust deeds was transferred to the appellant. The plaintiffs took possession of the property and expended considerable money in making improvements. A suit was subsequently commenced against the General Development Company, the appellant and other defendants, to cancel the agreement, together with the trust deeds and notes on the ground of fraud. Damages for the cost of improvements were also sought. It was alleged the appellant claimed to be the owner and holder of one of the trust deeds and notes, but that these instruments had been transferred to it without consideration. The appellant filed an answer alleging that it was the *bona fide* owner and holder of that particular trust deed and note as the purchaser thereof for a valuable consideration. On information and belief the alleged fraud was also denied. Three other suits involving the same property were pending in Los Angeles County. They were consolidated with this case for trial. The consolidated cases were originally set for trial for July 7, 1931. On motion of counsel for plaintiffs the causes were continued to July 13th, at which time the trial began, but lasted for several weeks.

The attorneys for the appellant were duly notified of the time and place of trial, but failed to appear or participate therein. On motion of plaintiffs the default of the appellant was duly entered in open court on July 23d. A judgment by default was accordingly rendered. The appellant subsequently moved to set aside this default judgment under the provisions of section 473 of the Code of Civil Procedure. The motion was supported by the affidavit of Robert W. Cooper, one of the attorneys for appellant. Counter-affidavits were filed by the plaintiffs. On August 8, 1931, the motion to set aside the default judgment was denied. From this order and from the judgment of rescission which was subsequently rendered and entered, this appeal was perfected.

The affidavits which were presented for and against the motion to set aside the default judgment were conflicting with respect to the essential facts related. Since the evidence is conflicting upon which the motion to set aside the default judgment was denied, this court may not interfere with the discretion of the trial court with respect thereto. (*Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148]; *Taranto* v. *Dick,* 119 Cal. App. 161 [6 Pac. (2d) 334]; *Brown* v. *De Waard & Sons,* 99 Cal. App. 222 [278 Pac. 257]; 14 Cal. Jur., p. 1072, sec. 115.) It was exclusively the province of the trial judge to determine the credibility of affiants and the weight of the evidence adduced. (*Sheehan* v. *Osborn,* 138 Cal. 512, 515 [71 Pac. 622]; *Smith* v. *Pickwick Stages System,* 113 Cal. App. 118 [297 Pac. 940].) Regarding the effect of conflicting affidavits upon an order denying a motion to set aside a default judgment, it is said in *Williams* v. *Reed,* 43 Cal. App. 425, 431 [185 Pac. 515]:

"Thus, we see that a very sharp and decided conflict as to the questions presented was present. Under these conditions, we are powerless to interfere with the conclusion of the trial court herein. The rule is, as it has been so frequently stated, both by the Supreme Court as well as by this court, that 'in the consideration of an appeal from an order made upon affidavits, etc., involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated

therein must be taken as established.' (*Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 101]; *Hyde* v. *Boyle,* 105 Cal. 102 [38 Pac. 643]; *Bernou* v. *Bernou,* 15 Cal. App. 341 [114 Pac. 1000].) Under these circumstances, it is immaterial whether or not there was an affidavit of merits which complied with the legal requirements.''

In opposition to the motion to vacate the default judgment, Mr. Selover, one of the plaintiffs' attorneys, filed an affidavit, in which it was asserted that affiant notified one of the attorneys for the appellant on July 6, 1931, that the cases would be continued for trial to July 13th, and that the evidence in this case would not be presented until after proof affecting the other consolidated cases had been adduced; that appellant's counsel would be subsequently notified of the exact time upon which its case would be heard; that a letter was subsequently mailed to appellant's attorney specifying that particular date; that on July 14th, during the process of the trial, affiant had a conversation with Mr. Cooper, one of appellant's attorneys, ''in which conversation Robert W. Cooper informed affiant that he did not believe that the McCabe-Fewel Company desired to go to any expense in reference to the trial of said action, and that if affiant would address a letter to said Robert W. Cooper informing them that the plaintiff would not take a money judgment against his client, that he would not appear at the trial and contest the action''; that a letter was promptly sent to the said Cooper assuring him that a money judgment would not be taken against the appellant. On July 23d, without further notice, on application of the plaintiffs, the default of the appellant was entered. No appearance was made in behalf of the appellant until after default had been entered. It appears without contradiction that no money judgment was rendered against the appellant. The general judgment affected the appellant only to the extent of rescinding and canceling the trust deed and note which it claimed to own. In the affidavit of Mr. Cooper, which was filed in support of the motion to vacate the default judgment, it was admitted appellant had due notice of the time and place of trial of the consolidated cases, but it was averred that plaintiffs' attorneys suggested it would be unnecessary for appellant's attorneys to be present during the entire trial of the cases and they would be notified

of the particular time when the evidence in this case would be presented. Mr. Cooper also averred that he inquired of Mr. Sclover on July 14th whether plaintiffs intended to ask for a money judgment against the appellant, and that he was informed they had no intention of doing so, but, upon the contrary, that they would merely ask to rescind their note and mortgage. Neither in this affidavit nor elsewhere has the appellant contradicted the positive assertion of the plaintiffs' attorney that Mr. Cooper said in the conversation which occurred between them on July 14th that if appellant was assured in writing that no money judgment would be taken against it "he would not appear at the trial and contest the action". The fact that the trial of the consolidated cases lasted for nine days after this conversation, during which time the appellant's attorney made no further inquiry regarding the case in which he was interested, and made no appearance in court, and that no money judgment was in fact rendered against the appellant, furnishes corroboration of the assertion that appellant's attorney did agree not to appear or contest the case if he was assured in writing that no money judgment would be taken against his client. In fact, that statement is not contradicted. This record warranted the trial court in assuming that the appellant did not intend to appear at the trial provided it was assured a money judgment was not sought against it, and that it was not in good faith in subsequently seeking to set the default judgment aside. There appears to have been no abuse of discretion on the part of the trial court in denying the motion to vacate the default judgment.

The judgment and the order are affirmed.

Plummer, J., and Pullen, P. J., concurred.