398

[Civ. No. 2050. Fourth Appellate District.—November 8, 1937.]

In the Matter of the Estate of CHARLES F. McCARTHY, Deceased. KATE A. SCHWERIN et al., Respondents, v. MAYZELLIA ANN McCARTHY et al., Appellants.

W. S. Staley, Lewis R. Kirby and George A. Mallette for Appellants.

Stearns, Luce, Forward & Swing, Henry E. Barbour and William A. Backlund for Respondents.

MARKS, J.—The amended notice of appeal in this proceeding contains the notice that appellants "appeal to the

Supreme Court of the State of California from that certain Order made and entered in said cause June 17, 1936, denying the application of said parties for continuance, and the further Order Denying Alleged Lost or Destroyed Will to Probate and Dismissing Petition to Probate Said Will. Said parties also appeal from the Order of said Court made and entered August 12, 1936, denying the motion of said parties for relief under Section 473 of the Code of Civil Procedure and refusing to vacate the said judgment of June 17.'' The only order denying probate in any of the records to which this notice can be directed is dated June 12, 1936. We are not informed when it was entered. We have disregarded the variance in dates in the notices of appeals.

The bill of exceptions in this matter is directed entirely to the order made on August 12, 1936, which will be considered here. Our opinion in *Estate of McCarthy*, in our Civil No. 2049, this day filed (*ante*, p. 395 [73 Pac. (2d) 913]), has disposed of the other matters presented by the notice of appeal.

Many of the pertinent facts of this case are set forth in opinions this day filed in the cases bearing our Civil Nos. 2056 and 2049, entitled, *Estate of McCarthy, ante,* pp. 389 and 395 [73 Pac. (2d) 910 and 913], and will not be repeated here.

On August 12, 1936, appellants, represented by counsel, presented their motion under section 473 of the Code of Civil Procedure, for relief from the order of the Honorable L. N. Turrentine, Judge, denying their motion for a continuance and denying the petition of Francis C. McCarthy, in which he was assisted by his mother, for probate of the alleged lost or destroyed will of December 27, 1934. The trial court denied the motion for relief.

In *Startzman* v. *Los Banos Cotton Gins,* 82 Cal. App. 624 [256 Pac. 220], a case where defendant was not represented by counsel at the trial and subsequently moved to have the judgment rendered against it vacated under the provisions of section 473 of the Code of Civil Procedure, it was said:

''It is the settled rule that whether a motion to vacate a judgment on the ground of surprise, inadvertence, or excusable neglect shall or shall not be granted is a matter which rests in the sound discretion of the trial court, and that the order either granting or denying the motion will not be dis-

turbed upon appeal unless it clearly appears from the record that, in making its order on such motion, the trial court has been guilty of an abuse of discretion. (Citing cases.) It is true that some of the cases say that reviewing courts will 'listen more readily to an appeal from an order refusing to set aside a default than where the motion has been granted. (*Moore* v. *Thompson, supra,* 138 Cal. 23 [70 Pac. 930].) All presumptions, however', proceeded the court in the case just named, 'will be indulged in favor of the correctness of the court's action, and the burden in all cases is upon the appellant to make it appear that its discretion was abused in making the order'.'' (See, also, *Bruskey* v. *Bruskey,* 4 Cal. App. (2d) 472 [41 Pac. (2d) 203].)

The motion was heard on affidavits by and on behalf of the moving parties and also counteraffidavits which raised questions of fact. One affidavit was by a purported witness who swore he and another had signed the will of December 27, 1934, as witnesses. This is the first occasion on which the proponents of the will disclosed the names of any witnesses or disclosed any of the evidence they hoped to produce in support of the will. Further, the verified petition to probate this purported lost or destroyed will had attached to it a copy of the will which bore no signature of any witness.

On August 6, 1935, Francis C. McCarthy wrote Mrs. Kate A. Schwerin a letter stating: ''I am petitioning the court here (San Diego) to probate the will that has been deposited with the county clerk on July 16, 1935. Now, that I am sure you feel is my duty for I am past legal age, and should take my rightful place as my father's son and heir; therefore I am asking to be appointed administrator with the will annexed of my father's estate.'' The will referred to in this letter is the one dated April 23, 1924. The next day Mrs. Schwerin filed her petition to probate this will. By a pleading filed on August 23, 1935, Francis C. McCarthy virtually joined in the petition to probate this will, but asked to be appointed administrator with the will annexed. From his verified petition to probate the purported lost or destroyed will of December 27, 1934, which petition was filed on May 14, 1936, it was made to appear that Francis C. McCarthy knew of the purported will of December 27, 1934, from the time of its alleged execution and that he had a copy of it. His attitude, expressed in writing in August, 1935, was inconsistent with

that first appearing on May 14, 1936, and since maintained. These facts bear strongly on the verity and good faith of Francis C. McCarthy and present a question for the decision of the trial judge as to the weight to be given the evidence submitted in the form of affidavits in support of his motion here under consideration.

In *Zuver* v. *General Dev. Co.,* 136 Cal. App. 411 [28 Pac. (2d) 939], it is said:

"The affidavits which were presented for and against the motion to set aside the default judgment were conflicting with respect to the essential facts related. Since the evidence is conflicting upon which the motion to set aside the default judgment was denied, this court may not interfere with the discretion of the trial court with respect thereto. (Citing cases.) It was exclusively the province of the trial judge to determine the credibility of affiants and the weight of the evidence adduced. (*Sheehan* v. *Osborn,* 138 Cal. 512, 515 [71 Pac. 622]; *Smith* v. *Pickwick Stages System,* 113 Cal. App. 118 [297 Pac. 940].) Regarding the effect of conflicting affidavits upon an order denying a motion to set aside a default judgment, it is said in *Williams* v. *Reed,* 43 Cal. App. 425, 431 [185 Pac. 515]:

" 'Thus, we see that a very sharp and decided conflict as to the questions presented was present. Under these conditions, we are powerless to interfere with the conclusion of the trial court herein. The rule is, as it has been so frequently stated, both by the Supreme Court as well as by this court, that "in the consideration of an appeal from an order made upon affidavits, etc., involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be taken as established." (*Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001]; *Hyde* v. *Boyle,* 105 Cal. 102 [38 Pac. 643]; *Bernou* v. *Bernou,* 15 Cal. App. 341 [114 Pac. 1000, 1001].)' "

Under the foregoing rules of law, which must govern here, we cannot reverse the order here presented.

The order of August 12, 1936, is affirmed at appellants' cost of appeal. As the other orders mentioned in the notice of appeal are not supported by any record in this cause, and

as they are affirmed or the appeal dismissed in another opinion this day filed in the *Matter of the Estate of McCarthy, Deceased,* the appeal from them in this case is dismissed.

Barnard, P. J., and Jennings, J., concurred.