[Civ. No. 22776. Second Dist., Div. Two. Jan. 22, 1958.]

FRANCES SAUNDERS, Appellant, v. FRANK A.
SAUNDERS, Respondent.

A. L. Horton, Jr., for Appellant.

Joseph A. Kean and Robert W. Engle for Respondent.

ASHBURN, J.—Action to set aside upon the ground of extrinsic fraud interlocutory judgment of divorce of March 9, 1955. The court sustained an objection to the introduction of evidence and refused to grant leave to amend the complaint. Plaintiff appeals from the judgment of dismissal and from a later order (hereinafter mentioned) denying motion to vacate.

Plaintiff is the wife. In the divorce action the husband was granted a divorce and she was denied any relief upon her cross-complaint. She later moved under section 473, Code of Civil Procedure, to vacate the judgment for extrinsic fraud. The motion was denied. Then followed this equity action, to which the denial of the motion is no bar (29 Cal.Jur.2d § 167, p. 122).

The original complaint was filed February 27, 1956. It alleges fraud in these terms: 'Said judgment was obtained by fraud practiced by defendant herein, FRANK A. SAUNDERS, in that he did knowingly conceal from said court the fact that plaintiff herein was of unsound mind; that more fully set forth, said fraudulent conduct of defendant consisted in this: That plaintiff herein was mentally incompetent throughout the pendency of said action and at the time said judgment was rendered and entered; that defendant herein knew that plaintiff herein was incompetent to properly manage her affairs and to advise and cooperate with her counsel in her defense in said action; that defendant herein concealed the fact of the mental incompetence of plaintiff herein from the above entitled court in said action; that no general guardian

or guardian ad litem was appointed for plaintiff herein in said action; that the said mental incompetence of plaintiff herein and the concealment of said mental incompetence prevented a fair adversary hearing in the trial of said action in that plaintiff herein was thereby prevented from presenting her case to the said court.'' At the beginning of the trial a motion to exclude evidence was made and after considerable argument was granted. Thereupon plaintiff's attorney sought leave to amend, both by informal request and by formal motion. Leave was denied. Plaintiff's formal motion was supported by affidavits and a proposed amended complaint.

That pleading alleged that, to the knowledge of the husband, plaintiff herein, at the time of service of summons and from December, 1954 to and including August of 1955, was of unsound mind and the fact was knowingly concealed from the court; '' [t]hat defendant herein knew that plaintiff herein was incompetent and wholly devoid of understanding and incapable of transacting business of any nature and was incompetent to properly manage her affairs and to advise and cooperate with her counsel in her defense in said action; that the Counsel of record for plaintiff herein in the aforesaid Case No. D-462,419, to wit: GEORGE E. KENNEDY & HENRY J. TSURUTANI, did not know that plaintiff herein was mentally incompetent as aforesaid; that defendant herein concealed the fact of the mental incompetence of plaintiff herein from the above entitled Court and from the aforesaid GEORGE E. KENNEDY & HENRY J. TSURUTANI; that no general guardian or guardian ad litem was appointed for plaintiff herein in said Case No. D-462,419, as aforesaid; that on or about the 8th day of January, 1955, while the plaintiff was incompetent as aforesaid, the defendant herein prevailed upon the plaintiff herein and caused plaintiff herein to execute a Property Settlement Agreement, a copy of which is attached hereto, marked EXHIBIT 'A,' and made a part hereof, and which was approved in the aforesaid Case No. D-462,419, and the Parties were Ordered to carry out the executory provisions thereof;'' '' [t]hat but for the said mental incompetency of plaintiff herein and the concealment of said mental incompetence by the defendant herein from the Court and the aforesaid attorneys for plaintiff herein, the said property settlement agreement would not have been executed and the Interlocutory Judgment of Divorce had and obtained by the defendant herein in Action No. D-462,419, would not have resulted in said action; that said mental incompetence of the plaintiff herein and the

concealment of said mental incompetence by the defendant herein prevented a fair adversary hearing in the trial of the aforesaid action No. D-462,419, in that plaintiff herein was thereby prevented from having effective advice of counsel and was thereby prevented from presenting her case to the said Court in said action.'' A good defense is averred. It is also alleged that plaintiff is unable to support herself, is wholly dependent on defendant for support, and that the $100 a month provided in the agreement and interlocutory decree is insufficient.

It is error to deny leave to amend the complaint after sustaining an objection to the introduction of evidence unless it affirmatively appears that the complaint cannot be amended successfully. (*Bice* v. *Stevens,* 136 Cal.App.2d 368, 379 [289 P.2d 95].)

Appellant insists that the allegations of the proposed amended complaint state a cause of action for extrinsic fraud within the doctrine of *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]. The facts in that case were similar to those at bar. A default judgment was obtained against an incompetent through suppression of that fact by plaintiff, who was cognizant of it and failed to procure the appointment of a guardian ad litem. There is one factual difference stressed by respondent. In that case the defendant was devoid of understanding. In the proposed pleading at bar the pleader goes so far as to make the same allegation, but it is also alleged in the same pleading ''that on or about November 15, 1953, defendant informed plaintiff that he intended to divorce her; that the shock of defendant's statement so affected plaintiff that she thereafter suffered from hallucinations and delusions and was of unsound mind; that this condition continued throughout the pendency of defendant's said action for divorce, with periods of amnesia and suicidal tendencies, and until about July or August, 1955, that defendant knew that plaintiff was of unsound mind during all of said period.'' It also appears that plaintiff entered into a property settlement agreement, employed attorneys and interposed a cross-complaint in the divorce action. While we are required to believe all we read in examining the sufficiency of a pleading, there is so much in the proposed pleading showing this plaintiff was not devoid of understanding that we have concluded we should ignore that allegation and accept as true for present purposes the averment that plaintiff was mentally incompetent throughout the divorce proceeding.

We find that the reasoning of the Olivera opinion is equally applicable here. While defendant, as plaintiff in the divorce action, took no affirmative step to keep the wife away from court and made no express misrepresentation to the court, he was in a position where he had a positive duty to speak and to tell the truth. Cases involving confidential relationships, such as husband and wife, are to the effect that unwarranted silence of one who should speak works an extrinsic fraud or mistake which will undo a judgment obtained thereby. (See *Jorgensen* v. *Jorgensen*, 32 Cal.2d 13, 18-22 [193 P.2d 728]; *Bennett* v. *Hibernia Bank*, 47 Cal.2d 540, 558 [305 P.2d 20]; *Caldwell* v. *Taylor*, 218 Cal. 471, 475 [23 P.2d 758, 88 A.L.R. 1194]; *Milekovich* v. *Quinn*, 40 Cal.App. 537 [181 P. 256]. In Olivera the court says, at page 573: "Courts frequently set aside judgments rendered against incompetent defendants where it is probable that injustice has resulted. (34 A.L.R. 221, et seq.; 39 L.R.A. 775; 35 L.R.A. [N.S.] 1090.)" █ At page 575: "[T]here exists a well-recognized jurisdiction in equity which has been utilized to relieve incompetent defendants from judgments taken under circumstances of unfairness and injustice. Equity's jurisdiction to interfere with final judgments is based upon the absence of a fair, adversary trial in the original action." █ At page 577: "Where the defendant is under such a legal disability [devoid of understanding] and the plaintiff has knowledge of his condition, a duty rests upon the plaintiff to disclose such matters to the court and to have a guardian appointed for the purpose of the proceeding. [Citations.] █ If the plaintiff knows of the defendant's incompetency but conceals such information from the court and, to prevent a true adversary hearing, proceeds to a default judgment by taking advantage of defendant's condition, his conduct constitutes a fraud upon the court as well as upon the incompetent defendant. Since the direct effect of such concealment is to prevent the incompetent from presenting whatever defense he has to the court, it is clear that the fraud is extrinsic in nature. [Citations.] If the other requirements for equitable relief are present, therefore, allegations such as those found in the present complaint are sufficient to state a cause of action in equity on behalf of the incompetent.

"It should not be understood, however, from what has been said that fraud on the part of the plaintiff in the former action is essential to equitable relief in cases such as this. █ *Where an adversary hearing has in fact been held, a cause of action*

*for relief in equity can be stated upon the ground that extrinsic fraud prevented a fair adversary proceeding.* In cases such as the one here presented, however, where there has been no adversary proceeding at all, the right of the incompetent defendant to equitable relief may be established if the plaintiff's ignorance of defendant's legal disability prevented a true adversary hearing as well as where the plaintiff's fraud prevented such a hearing. Courts have granted such relief on behalf of incompetent defendants aside from the element of fraud on the part of the plaintiff if, in fact, no adversary hearing was held.'' (Emphasis added.)

 The averments of the amended complaint show that the wife's attorneys were ignorant of the fact of her incompetency, that the plaintiff-husband knew of their ignorance as well as the fact of the wife's disability and failed to reveal either fact to the court. This raised an equity in favor of the wife sufficient to overthrow the interlocutory decree, whether it be called extrinsic fraud, extrinsic mistake or an exercise of the ''well-recognized jurisdiction in equity which has been utilized to relieve incompetent defendants from judgments taken under circumstances of unfairness and injustice. Equity's jurisdiction to interfere with final judgments is based upon the absence of a fair, adversary trial in the original action.'' (*Olivera* v. *Grace, supra,* p. 575.)

The proposed pleading also presented a showing of merits and a probability of a different result after a truly adversary hearing. The Olivera case says (p. 579) in this connection: ''The requirement that the complaint allege a meritorious case does not require an absolute guarantee of victory. (*Cf. McArdle Real Estate Co.* v. *McGowan,* 109 N.J.L. 595 [163 A. 24].) It is enough if the complaint presents facts from which it can be ascertained that the plaintiff has a sufficiently meritorious claim to entitle him to a trial of the issue at a proper adversary proceeding.''

 Respondent suggests that appellant can procure no relief in this action because the final decree of divorce has been entered and respondent has remarried. The proposed amended complaint alleges that the original complaint was filed on February 27, 1956, affidavit for final divorce on March 13, 1956, and the decree entered on that day; that plaintiff filed on the preceding day, March 12, a motion for an order restraining entry of final judgment, which motion was denied on March 29, 1956. This seems to absolve plaintiff of any imputation of negligence. Just when respondent remarried does

not appear and it is immaterial for present purposes. Assuming that appellant proves on the trial that the interlocutory was procured by extrinsic fraud or mistake or similar inequitable conduct, the final decree would be infected with the same virus, for "[a] final decree of divorce derives its validity from the interlocutory decree which precedes it." (*Brooms* v. *Brooms,* 151 Cal.App.2d 343, 348 [311 P.2d 562].) Appellant's proposed amended complaint appropriately prays for vacation of the final decree as well as the interlocutory. Appellant should be permitted to further amend for the purpose of bringing respondent's present wife into the action as a defendant if so advised. (See *Bowman* v. *Bowman,* 97 Cal.App. 613, 623 [275 P. 1023].)

██ The claim that the appeal was taken too late is not well grounded. At the time of sustaining the objection to evidence the court directed preparation of a written order. The judge signed and filed an order dismissing the action on April 4, 1957. The time to appeal began to run on that date (Rules on Appeal, rule 2(b)), and the appeal was filed on May 21, well within the prescribed period.

██ Appellant has also attempted to appeal from an order of April 23, 1957, denying plaintiff's motion "for an Order vacating the following Orders: Order Granting Motion to Exclude Evidence and Dismiss Action; Order Denying Motion to Amend Complaint and to enter a new and different Order to wit: Motion by defendant to exclude evidence, Granted." The first mentioned order is the judgment (Code Civ. Proc., § 581d), from which a direct appeal has been pursued with the result that the judgment must be reversed. The second and third orders are merely intermediate and refer to rulings which are reviewable upon appeal from the judgment. The order of April 23, 1957, is not appealable.

No other points require discussion.

The judgment is reversed with instructions to permit the filing of plaintiff's proposed amended complaint and any other appropriate amendment bringing in as a defendant the present wife of respondent if so desired by appellant, and for further proceedings not inconsistent with this opinion. The attempted appeal from the order of April 23, 1957, is dismissed.

Fox, Acting P. J., and Kincaid, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.