[Civ. No. 24878.   Second Dist., Div. One.   Oct. 31, 1960.]

THELMA LEE DAVIS, Appellant, v. ERNEST DAVIS, Respondent.

Crooks & Gunter and Milton R. Gunter for Appellant.

Carl A. Earles for Respondent.

LILLIE, J.—Defendant husband was served with a copy of summons and complaint in a divorce action; after a hearing on the order to show cause (February 13, 1959) counsel orally agreed that defendant need not plead to the complaint until 10 days after written notice to his counsel. On February 18, 1959, defendant's counsel prepared and submitted to plaintiff's attorney a letter confirming their oral understanding that pending their "working out of the details of a settlement" he would have 10 days in which to plead and "no default will be taken without first giving written notice" to him. This letter was signed by plaintiff's counsel February 19, 1959. Thereafter various conversations occurred between counsel in an effort to settle the property rights of the parties, particularly those relating to certain realty held in joint tenancy which plaintiff claimed as community property. Pending negotiations, default was entered on April 13, 1959; on December 16, 1959, plaintiff obtained a default decree of divorce against defendant which judgment was entered December 23, 1959.

On February 23, 1960, defendant filed a notice of motion to set aside default and default judgment under section 473, Code of Civil Procedure. At the hearing on the motion, certain facts having come to his attention, defendant's counsel requested and the lower court granted permission to file an amended motion. He did so setting up therein the additional ground of "extrinsic fraud," alleging that the failure of plaintiff's counsel to comply with the written agreement of February 19, 1959, resulting in an interlocutory decree without notice to defendant, deprived him of his day in court and right to be heard. The main issue between plaintiff and defendant was division of the joint tenancy real property; in the default decree plaintiff was awarded the same as community property. Plaintiff appeals from the order granting the motion to vacate and set aside default and default judgment.

The rule that an order granting relief from default generally will be upheld is predicated on two principles—the discretion of the lower court will not be disturbed except for manifest abuse; and the remedial power to grant relief should be freely exercised to carry out the policy in favor of trial

on the merits (*Burbank* v. *Continental Life Ins. Co.,* 2 Cal. App.2d 664 [38 P.2d 451]; *Kalson* v. *Percival,* 217 Cal. 568 [20 P.2d 330]; *Waybright* v. *Anderson,* 200 Cal. 374 [253 P. 148]; *Stub* v. *Harrison,* 35 Cal.App.2d 685 [96 P.2d 979]); and a reviewing court is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand. (*O'Brien* v. *Leach,* 139 Cal. 220 [72 P. 1004, 96 Am.St.Rep. 105]; *Berri* v. *Rogero,* 168 Cal. 736 [145 P. 95].)

The record discloses that originally defendant relied in his notice of motion to vacate upon "mistake, inadvertence, surprise or excusable neglect" under section 473 of the Code of Civil Procedure. Later, defendant amended his motion and alleged, in addition to the grounds specified in section 473, "extrinsic fraud," in that the default judgment was taken without notice to defendant, who first became aware of its entry when served with a writ of possession to remove him from the family home which had been awarded to plaintiff under the judgment; defendant and his counsel at all times relied upon the written agreement of February 19, 1959; negotiations for settlement of the property rights of the parties were pending; counsel for defendant was advised by plaintiff's counsel at the hearing on the original motion that he had written a letter to him dated March 6, 1959, notifying him plaintiff intended to take a default and that the same was addressed and sent to defendant's counsel at 111 East Vernon Avenue, Los Angeles (his true address was 1111 East Vernon Avenue, Los Angeles); the purported letter to defendant's counsel, having been misdirected by plaintiff's counsel, was never received by the former; and at no time before judgment was entered was either defendant or his counsel notified that plaintiff intended to take a default.

In the last analysis, in support of his motion to vacate defendant relied solely upon his claim of "extrinsic fraud" independent of the grounds set forth in section 473. ■ Although it is true that there appears to be no statutory authority for such motion, judicial decision has extended its use to include "extrinsic fraud" in a situation of this kind. The origin of such procedure is explained in *Norton* v. *Atchison, T. & S.F. R. Co.,* 97 Cal. 388 [30 P. 585, 32 P. 452, 33 Am.St.Rep. 198], discussed fully in *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328], and *In re Estrem Estate,* 16 Cal.2d 563 [107 P.2d 36], and recognized as an established practice in those and other authorities. (*Cowan* v. *Cowan,* 72

Cal.App.2d 868 [166 P.2d 21] and *Watson* v. *Watson,* 161 Cal.App.2d 35 [325 P.2d 1011].) **[5, 6]** To an application for relief based upon extrinsic fraud, the restrictions of section 473, among which is the six-month's time limit, do not apply (*Evry* v. *Tremble,* 154 Cal.App.2d 444 [316 P.2d 49]; *Miller* v. *Cortese,* 110 Cal.App.2d 101 [242 P.2d 84]); however, even so, where the invalidity of a judgment must be shown by extrinsic fraud a motion to vacate it can only be entertained when made within a reasonable time (*Cowan* v. *Cowan, supra,* 72 Cal.App.2d 868 [166 P.2d 21]), the determination of which is wholly within the court's discretion. (*McGuinness* v. *Superior Court,* 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110]; *Richert* v. *Benson Lumber Co.,* 139 Cal.App. 671 [34 P.2d 840]; *Smith* v. *Jones,* 174 Cal. 513 [163 P. 890]; *Barnett* v. *Reynolds,* 124 Cal.App. 750 [13 P.2d 514].) ▮ We cannot say under the circumstances at bar that there exists in this respect an abuse of the lower court's discretion; it appears that the defendant pursued his remedy within a short time after discovery of the existence of the judgment.

▮ As to the merits of such motion, as in the case of one made under section 473, it is addressed to the sound discretion of the lower court. (*Watson* v. *Watson,* 161 Cal.App.2d 35 [325 P.2d 1011].) Filed both in support of, and in opposition to, the motion were various affidavits for the consideration of the trial judge. ▮ The rule for resolving factual conflicts created by affidavits is the same as that governing oral testimony—it is primarily for the lower court to determine the credibility of the affiants and the weight of their averments, and its determination is rarely disturbed on appeal. (*Zuver* v. *General Development Co.,* 136 Cal.App. 411 [28 P.2d 939]; *Williams* v. *Reed,* 43 Cal.App. 425 [185 P. 515]; *Brown* v. *DeWaard & Sons,* 99 Cal.App. 222 [278 P. 257]; *Estate of McCarthy,* 23 Cal.App.2d 398 [73 P.2d 914].)

▮ The lower court obviously accepted as true the assertions contained in the supporting affidavits—that defendant at times was out of the city, that while here he lived in the same place he had resided at the time of the hearing on the order to show cause, that he was unaware that plaintiff intended to take a default against him, that the first he knew of the entry of judgment was when the writ of possession was served on him, and that he immediately advised his counsel of this; and that defendant's counsel relied upon his written agreement with plaintiff's counsel requiring the latter to

notify him in writing if default would be taken, the negotiations were pending although defendant had been out of the city for protracted times, that he did not know of the entry of default and default judgment until so advised by his client, that he at no time received any letter purportedly misdirected to him by plaintiff's counsel at 111 East Vernon, Los Angeles, and that he knew nothing of plaintiff's intention to take a default against his client. The lower court obviously rejected the assertions contained in the counteraffidavits—in particular, plaintiff's claim that on March 5, 1959, she called defendant and told him that her attorney was going to take a judgment against him; and that of her counsel that he telephoned defendant's counsel of his intention to request entry of default. On the contrary, both defendant and his counsel averred that they were entirely without notice. It was established without conflict that default was entered on April 13, 1959, and that plaintiff's counsel waited for a period in excess of six months (Code of Civ. Proc., § 473; *Holsinger* v. *Holsinger,* 95 Cal. App.2d 835 [214 P.2d 412]) to procure the default judgment on December 16, 1959, which was not entered until December 23. Perhaps this factor too, as well as the matter of plaintiff's good faith, was considered by the trial court in determining the issues of credibility and weight of the evidence. In any event, if the lower court believed the letter of March 6th advising defendant's counsel of the planned default had actually been written by plaintiff's counsel, it is undisputed that it was misdirected and never received by the former. Inasmuch as it was not received, then no written notice was given to defendant's counsel as required by the agreement; and, according to defendant's version neither he nor his counsel had any actual knowledge that plaintiff intended to take a default or that such a judgment was rendered, until long after it was entered.

That this constitutes extrinsic fraud is clear under the authorities. Nothing appearing in the record to the contrary, we do not know whether the trial court found actual fraud to exist in the conduct of plaintiff and her counsel; but where, as here, the appeal is based solely on the clerk's transcript all presumptions are in favor of the order. (*Watson* v. *Watson,* 161 Cal.App.2d 35 [325 P.2d 1011].) However it is unnecessary to rely upon any such inference, for "Extrinsic fraud that deprives the adversary of fair notice of a hearing may exist even though such was accomplished by mistake. Actual fraud is not required. (*Antonsen* v. *Pacific Container*

*Co.,* 48 Cal.App.2d 535 [120 P.2d 148] ; *Rogers* v. *Mulkey,* 63 Cal.App.2d 567 [147 P.2d 62] ; *Chung Gee* v. *Quan Wing,* 103 Cal.App.2d 19 [229 P.2d 50] ; *Wells* v. *Zenz,* 83 Cal.App. 137 [256 P. 484].) Thus, this divorce, when secured, was subject to being set aside because of this fraud.'' (*Wendell* v. *Wendell,* 111 Cal.App.2d 899, 900 [245 P.2d 342].) ▮ It is well established that in cases where the aggrieved party is unable to make out a case of intentional fraud, the courts on motion will extend a liberal interpretation to relieve him from a judgment taken without a fair adversary hearing. (*Evry* v. *Tremble,* 154 Cal.App.2d 444 [316 P.2d 49] ; *Watson* v. *Watson,* 161 Cal.App.2d 35 [325 P.2d 1011].) ▮ The basis for equitable relief in these cases, whether it be denominated ''extrinsic fraud'' or ''extrinsic mistake,'' is that which has resulted in a judgment taken under circumstances of unfairness and injustice without affording a party the opportunity to participate in the proceedings. (*Saunders* v. *Saunders,* 157 Cal.App.2d 67 [320 P.2d 131] ; *Dei Tos* v. *Dei Tos,* 105 Cal. App.2d 81 [232 P.2d 873].)

▮ On appeal the burden of showing abuse of discretion or error rests on the appellant (*Stevens* v. *Stevens,* 129 Cal.App.2d 19 [276 P.2d 139] ; *Hayden* v. *Hatch,* 134 Cal.App. 2d 765 [286 P.2d 541] ; *Watson* v. *Watson,* 161 Cal.App.2d 35 [325 P.2d 1011]) ; neither is here apparent.

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.