[S. F. No. 14900. In Bank.—January 5, 1934.]

LEROY R. WILLIAMS, Appellant, v. MAX W. KOENIG et al., Respondents.

Alfred J. Hennessy, George D. Collins, Jr., and K. B. Dawson for Appellant.

Robinson, Price & Macdonald for Respondents.

PRESTON, J.—On January 22, 1932, plaintiff became the owner of certain real property encumbered by a deed of trust given to secure a five-year promissory note executed October 14, 1927, in the principal sum of $30,000. No pay-

ment was made of the installment of taxes due on the property in December, 1931, and interest payments for that month and for January, 1932, were also in arrears. Defendants therefore invoked the acceleration clause of the note to declare the entire indebtedness due and payable. Thereafter, and on January 28, 1932, notice of default was filed for record. After further proceedings duly had, and on May 25, 1932, the trustees named in the deed of trust, defendants Koenig and Kroll, sold the property at public auction to the beneficiary, defendant Berger, for the sum of $25,000. Almost immediately, to wit, on June 10, 1932, plaintiff brought this action to set aside said sale as illegal because of errors in the notice of default and other technical defects hereinafter discussed. Defendants answered; defendant Berger also cross-complained to quiet his title to the property. The cause was heard by the court without a jury. Thereafter findings of fact were rendered upholding the legality of the sale, followed by judgment in favor of defendants. Plaintiff then made a motion under sections 663 and 663a of the Code of Civil Procedure to vacate said judgment and to enter judgment in his favor. This motion the court denied and ordered correction of a clerical misprision in the findings in order that they might properly show recordation of the deed of trust in liber 1691 of official records rather than erroneously imply recordation thereof in liber 1095. Plaintiff did not appeal from the judgment, but has appealed from said special order made after final judgment.

The error above mentioned crept into the findings in the following manner: Defendants' answer referred to recordation of the deed of trust in liber 1095, instead of liber 1691. The deed of trust was in evidence, bearing correct indorsement of recordation in liber 1691, and the notice of default also made proper reference to liber 1691. However, the mistake in the answer was not called to the court's attention and, under a general finding that certain allegations of said pleading were true, the discrepancy became impliedly incorporated in the findings. Upon the hearing of appellant's aforesaid motion, the court concluded that the error was purely clerical and, as above stated, ordered the findings corrected. Appellant claims that although, as to the answer, it was perhaps a clerical error of the parties

defendant, when carried into the findings it became a judicial error which could not be summarily corrected, for findings may be changed by a trial court after judgment only by the granting of a motion for new trial. Appellant's position is untenable. To us it is apparent that the error was purely clerical; it had no effect whatsoever upon any of the substantial rights of the parties and appellant is in no position to complain of the correction. Furthermore, a trial court has inherent power, even after judgment, to correct clerical misprision in findings (24 Cal. Jur., pp. 1005–1007, and cases cited).

Considering briefly the merits of this cause, we likewise find appellant's points to be unworthy of prolonged consideration. Section 2924 of the Civil Code provides that when power of sale is to be exercised "the *trustee,* mortagee, or *beneficiary,* shall first file for record . . . a notice identifying the . . . deed of trust . . . and containing a statement that a breach of the *obligation* for which such . . . *transfer in trust is security* has occurred, and of *his* election to sell or cause to be sold such property to satisfy the obligation . . . " The "Notice of Breach and election to sell under deed of trust" here involved was signed by the "trustees" and recited the election of the "beneficiary" to cause the property to be sold. Appellant claims that the notice failed to conform to the statute because, although the beneficiary recited the election to sell, he did not sign the notice, whereas the statute requires the "trustees" or "beneficiary" to file a notice of "his" election to sell. It is unnecessary to enter into a discussion of the reference made by use of the pronoun "his" in said statute. The substance of the statute is to require either the trustee or the beneficiary to file for record a sufficient notice of default. The notice here stated that the property would be sold as provided in the deed of trust; hence its effect was to declare both the election of the beneficiary and of the trustees to sell and there can be no real objection to signature by the latter. Furthermore, the court particularly found that the notice was executed and recorded at the request and election of the beneficiary.

Appellant claims that the notice was defective in that it recited: "that a breach of the obligations thereunder (under the deed of trust)" had been committed and a de-

fault existed in interest payments, whereas, to conform to said statute, it should have recited that a "breach of the obligation for which such transfer in trust" was "security" had occurred. In other words, appellant claims that the notice should have recited that the terms of the note, rather than those of the deed of trust, had been breached. There is nothing in this contention. The deed of trust specifically obligated the grantor to repay $30,000 according to the terms of the promissory note which it secured, thus in effect incorporating therein the obligation of the note. There is no requirement that the wording of a notice of default follow literally the wording of the statute; a substantial compliance in accord with the spirit and purpose of the statute is sufficient.

Appellant complains that as the notice of breach was expressly limited to a default in payment of two months' interest, a sale to satisfy the entire indebtedness was not authorized. This criticism is not warranted. The notice not only mentioned the specific default in interest payments, but it also declared a breach of the obligation of the deed of trust—in other words, a breach of the entire obligation to pay principal, interest and taxes.

In closing we may say that while appellant has asked to have said sale set aside on purely technical and nonmeritorious grounds, he has made no effort to place himself in a position to receive equity. The above conclusion renders immaterial the motion to have this court make findings. It is denied.

The order correcting findings and denying motion to set aside and vacate judgment is affirmed.

Thompson, J., Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.