[Civ. No. 17143.   First Dist., Div. Two.   Apr. 16, 1957.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Respondent, v. A. T. L., INC. (a Corporation) et al., Defendants; BAYSHORE INVESTMENT CORPORATION (a Corporation), Appellant.

M. F. Hallmark and Gilbert D. Calden for Appellant.

Robert E. Reed, Holloway Jones, Jack M. Howard, Joseph F. DeMartini and Thomas F. Vizzard for Respondent.

DRAPER, J.—Defendant Bayshore Investment Corporation appeals from order denying its motion to set aside the judgment in this condemnation action. On the second day of trial, at least one of counsel for this defendant withdrew. The trial proceeded, and the jury returned a verdict for defendant corporation in the sum of $100. Through its president, who is not an attorney, defendant filed notice of appeal. Later, present counsel were employed, dismissed the appeal, and moved to vacate the judgment. ■ The motion was made more than six months after judgment, and thus cannot be deemed a motion for relief from a judgment taken through defendant's "mistake, inadvertence, surprise, or excusable neglect." Rather, if defendant has any ground for relief, it must be under the final paragraph of Code of Civil Procedure, section 473, which authorizes the setting aside of a void judgment. The motion to vacate was denied, and this appeal followed.

■ As originally filed, recitals introductory to the findings of fact stated that "counsel for defendant Bayshore Investment Corporation, a corporation, filed a withdrawal as attorney of record, which was allowed by the Court." After the notice of appeal was filed, the trial court made an order stating that leave for withdrawal of counsel was never sought, and amending the findings by striking therefrom the words "which was allowed by the Court."

Appellant contends that the order amending the recitals of the findings is beyond the power of the trial court. It then argues that the judgment was void because part of the trial was held and judgment entered after the court had allowed appellant's attorneys to withdraw. Since a corporation cannot appear in propria persona, the contention runs, "the corporation was not in court" after withdrawal of counsel. Appellant expressly concedes that, if the amending order is proper, "the question raised on this appeal disappears."

■ We hold that the order of amendment was properly made, Admittedly, findings of fact may not be amended to correct judicial error after the judgment becomes final. However, the rule is clear that mere clerical errors may be so corrected (*Williams* v. *Koenig,* 219 Cal. 656 [28 P.2d 351] ; *Erickson* v. *Stockton & Tuolumne R. R. Co.,* 148 Cal. 206 [82 P. 961] ; *Boylan* v. *Marine,* 104 Cal.App.2d 321 [231 P.2d 92]). ■ The taking of an appeal does not deprive the trial court of the right to correct clerical errors in its records (*Haynes* v. *Los Angeles R. R. Corp.,* 80 Cal.App. 776 [252 P.

1072]).  Here the findings themselves were not amended in any way. The amendment dealt with a mere recital wholly preliminary to statement of the findings proper. There is no attempt to enlarge or add. The record contains nothing by way of minute order, transcript excerpt, or otherwise to show that the original recital was correct or that the amendment is contrary to the facts.

By appellant's own concession, its motion to vacate must therefore be deemed properly denied by the trial court. Thus, it is unnecessary to pass upon the merits of appellant's somewhat ingenious contention that a trial court, by permitting withdrawal of counsel for a corporate defendant, loses jurisdiction of such party.

Order affirmed.

Kaufman, P. J., and Dooling, J., concurred.