[Civ. No. 17121. First Dist., Div. Two. May 28, 1957.]

MYRTLE BROOMS, Respondent, v. KERMIT BROOMS, Appellant.

Vince Monroe Townsend, Jr., for Appellant.

Vaughns, Dixon & White for Respondent.

STONE, J. pro tem.*—The plaintiff wife sued for divorce on the ground of extreme cruelty. Defendant husband cross-complained for divorce on the same ground and later filed an amendment to the cross-complaint adding a cause of action for annulment on the ground that a prior marriage of the wife to one Richard Daniels was undissolved when she married Brooms in 1943. The wife upon information and belief denied that the prior marriage had not been dissolved and at the trial testified that Daniels in 1939 had told her that he had obtained a final decree of divorce from her and had remarried. On August 26, 1954, the court granted the plaintiff wife an interlocutory decree of divorce and custody of the children and alimony and child support. Each of the parties was awarded certain items of community personal property and an undivided one-half interest in a parcel of real property located in the city of Oakland, county of Alameda. The order of events occurring subsequent to the trial is of great importance in this appeal and in chronological order they are:

The original findings, denominated "First
Amended Findings of Fact and Conclu-
sions of Law," filed .....................August 26, 1954
Interlocutory Decree of Divorce, entered.....August 27, 1954
(No Notice of Entry of Interlocutory De-
cree was ever served or filed.)
Final Decree of Divorce, entered........September 2, 1955
Notice of motion for a new trial pursuant
to Sections 657 and 659 of Code of Civil

---

*Assigned by Chairman of Judicial Council.

Procedure, filed ........................September 16, 1955
Notice of motion to vacate interlocutory
decree and final decree pursuant to Sec-
tions 663 and 663(a) of the Code of Civil
Procedure, filed ........................September 16, 1955
Affidavit of newly discovered evidence,
filed ..................................September 22, 1955
Affidavit of newly discovered evidence,
filed ..................................September 23, 1955
Notice of Motion to strike original Answer
and Cross-Complaint and Amendment to
Cross-Complaint and for leave to file new
Answer and Cross-Complaint, filed.........October 10, 1955
Affidavit of due diligence, filed............October 14, 1955
Order denying Motion for New Trial and
denying Motion to Vacate Judgments and
Decrees, and granting alternative relief
under Code of Civil Procedure Section 662
authorizing filing of amended findings of
fact and conclusions of law and modified
interlocutory decree, filed.................October 27, 1955
Second Amended Findings of Fact and
Conclusions of Law, filed.................October 27, 1955
Modified interlocutory decree, entered......October 31, 1955
Notice of appeal from original interlocu-
tory decree and from final decree and modi-
fied interlocutory decree, filed...........November 3, 1955
Notice of Motion for Order to Modify Pre-
vious Order for Plaintiff's Support and
Alimony, filed .........................November 16, 1955
Notice of motion to set aside interlocutory
decree, final decree and modified interlocu-
tory decree as void judgments under and
pursuant to Section 473 of Code of Civil
Procedure, filed .......................November 16, 1955
Order denying defendant's motion to set
aside interlocutory decree, final decree and
modified interlocutory decree, filed.........December 2, 1955
Notice of Appeal from order denying mo-
tion to vacate interlocutory decree, final
decree and modified interlocutory decree,
pursuant to Code of Civil Procedure Sec-
tion 473, filed .........................December 2, 1955

The motion for a new trial was made in reference to the original interlocutory decree filed August 26, 1954. ▪ Although filed over a year after the entry of the interlocutory decree, it was nonetheless timely in that no notice of entry of judgment was ever served upon defendant. The motion for

a new trial was made pursuant to section 657 of the Code of Civil Procedure and upon the ground of newly discovered evidence. ■ The court properly denied the motion because defendant failed to file an affidavit showing due diligence in support of his motion within the time required by Code of Civil Procedure, section 659a. In denying defendant's motion for a new trial, the court granted the plaintiff alternative relief pursuant to Code of Civil Procedure, section 662, whereupon the plaintiff filed a new set of findings entitled "Second Amended Findings of Fact and Conclusions of Law," and also filed a "Modified Interlocutory Judgment and Decree of Divorce."

Respondent contends the modified interlocutory decree was a *nunc pro tunc* order and that the parties' rights are predicated upon the original interlocutory decree. This, she contends, makes the final decree entered prior to the filing of the modified interlocutory decree valid because of the *nunc pro tunc* effect of the modified order. ■ There was no motion by plaintiff to have the second amended findings of fact and the modified interlocutory decree entered *nunc pro tunc*, nor does the record reflect that the court on its own motion made the order *nunc pro tunc*. In view of the plain language of Civil Code, section 131.5, requiring a motion for entry of such a decree, the second amended findings of fact and modified interlocutory decree cannot be said to be *nunc pro tunc* orders within the contemplation of said section.

Respondent argues that even though the modified interlocutory decree may not be considered a *nunc pro tunc* order, nonetheless, its effective date is that of the original decree in that it is not a new judgment but merely a modification of the original. If the modification is clerical in nature, it might be argued that it became effective as of the date of the filing of the original decree. (*Williams* v. *Koenig,* 219 Cal. 656, 659 [28 P.2d 351]; *People* v. *A.T.L. Inc.,* 150 Cal.App.2d 152, 153 [309 P.2d 552]; *Wilson* v. *Wilson,* 109 Cal.App.2d 673, 674 [241 P.2d 281].) This interpretation could not apply to a modification which requires an exercise of judicial discretion. (*Gossman* v. *Gossman,* 52 Cal.App.2d 184, 194 [126 P.2d 178]; 24 Cal.Jur. 1005.) [4, 5] The correction was required in this case because the findings of fact did not support the interlocutory decree in that there was no finding as to plaintiff's residence. This was not a clerical error because in *Coleman* v. *Coleman,* 23 Cal.App. 423, at page 425 [138 P. 362], the court held: "[T]he fact

of residence being a jurisdictional prerequisite, it must appear affirmatively in the findings that the plaintiff or defendant has resided in the jurisdiction for the specified period; and failing in this the judgment thereon is void. [Citations.]'' (See also *Flynn* v. *Flynn,* 171 Cal. 746, 748 [154 P. 837]; *Hamburger* v. *Hamburger,* 60 Cal.App.2d 530, 534 [141 P.2d 453].)

The second amended findings of fact cured this jurisdictional defect and found plaintiff had been a resident of Alameda County, and the State of California, for the time required by law. These second amended findings of fact are supported by the record. The order of the trial court authorizing the plaintiff to file amended findings of fact and modified interlocutory decree at the conclusion of the hearing on the motion for a new trial was an order within the court's discretion and within the authority conferred upon the court by the provisions of Code of Civil Procedure, section 662 (*Moklofsky* v. *Moklofsky,* 79 Cal.App.2d 259, 264 [179 P.2d 628]). Section 662 further provides relative to such amended findings or modified judgment, as follows: ''[A]ny judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code.'' The defendant did not elect to proceed according to such provisions and utilize the affidavits previously filed, but, relying upon Code of Civil Procedure, section 473, moved to have the interlocutory decree, final decree and modified interlocutory decree set aside as void judgments. The question is moot as to the original interlocutory decree because it was superseded by the modified interlocutory decree. In considering a comparable situation in *Gossman* v. *Gossman, supra,* 52 Cal.App.2d 184, the court said at page 199: '' [L]ikewise it is obvious that the ruling of the trial court denying defendants' original motion for a new trial as addressed to the first judgment, has no application here. Under the circumstances shown, the subsequent third judgment superseded for all purposes the prior judgments [citations]. The trial court had jurisdiction to entertain defendants' motion for a new trial addressed to the third judgment and it was not bound by any prior ruling in the case.'' (*Hayes* v. *Silver Creek etc. Co.,* 136 Cal. 238 [68 P. 704]; *Amell* v. *Amell,* 10 Cal.2d 153 [73 P.2d 888].)

A final decree of divorce derives its validity from the interlocutory decree which precedes it. In this case, the original interlocutory decree was superseded by the modified inter-

locutory decree. ■ As the modified interlocutory decree was not a nunc pro tunc order, and it was a correction of a judicial rather than a clerical error, the final decree was prematurely entered and defendant's motion to have the final decree vacated should have been granted.

■ Defendant's appeal from the trial court's denial of his motion to vacate the modified interlocutory decree and his appeal from the modified interlocutory decree present the same question. In each instance, defendant predicates his right to a reversal of the trial court upon the affidavit of one Richard Lee Daniels, filed pursuant to his motion for a new trial, wherein he alleges that he is the husband of plaintiff and was her husband at the time she married defendant. This issue was litigated at the trial and was determined adversely to the defendant. There is substantial evidence to support the judgment. It is true the evidence was largely hearsay testimony as pointed out by appellant. However, no objection was made to the testimony when it was introduced, nor was any motion made to have it stricken from the record. In fairness to appellant's counsel, it should be pointed out that he did not represent defendant at the trial of the action. Hearsay testimony when properly admitted in evidence will support a finding. (*Powers* v. *Board of Public Works*, 216 Cal. 546, 552 [15 P.2d 156]; *Nelson* v. *Fernando Nelson & Sons*, 5 Cal. 2d 511, 518 [55 P.2d 859].) The judgment is also supported by the presumption that a marriage solemnized as required by law is valid. ■■ In the case of *Wilcox* v. *Wilcox*, 171 Cal. 770, at page 774 [155 P. 95], the court said: ". . . These cases must be taken as establishing it to be the law in this state that the burden of proof is on the party assailing a marriage on the ground that a former husband or wife is still alive, to show not only the former marriage, but also that it has not been dissolved by death or judicial decree, and that the *prima facie* presumption in favor of the validity of the marriage assailed outweighs the presumption of the continuance of life of the former husband or wife." (*Moran* v. *Superior Court*, 38 Cal.App.2d 328, 332 [100 P.2d 1096].)

The modified interlocutory decree based upon the evidence presented at the trial of the action is not void and the trial court did not err in denying defendant's motion to set the judgment aside. Nor did the court err in denying defendant's motion to set aside its orders awarding support money, alimony and attorney's fees to the plaintiff upon the ground that plaintiff's marriage to defendant was bigamous and void.

The record before this court makes the defendant's appeal from the modified interlocutory decree untenable for the same reasons said decree is not void as set forth, *supra*. However, an examination of the modified interlocutory decree discloses no order determining custody of the minor children of the parties. The original findings of fact contained a finding that the mother is a fit and proper person to have the care, custody and control of the minor children and the original interlocutory decree contains such a provision. The second amended findings of fact contain such a finding, but the modified interlocutory decree filed concurrently therewith provides only for payments of $60 a month per child by the defendant to the plaintiff for the support and maintenance of said children.

Obviously, the omission to include the custody provision in the modified interlocutory decree was due to inadvertence. As the evidence supports such a finding and the original findings of fact and the original interlocutory decree contained such a provision and the second amended findings of fact so find, this court under the authority conferred on appellate courts by section 956a of the Code of Civil Procedure will modify the judgment to conform to the evidence and the findings of the trial court. Therefore, the modified interlocutory decree of divorce is amended by adding thereto the following provision: "It is further ordered, adjudged and decreed that the care, custody and control of the minor children of the parties, to wit, Joyce Marie Brooms and Kermit Douglas Brooms, be awarded to the plaintiff and cross-defendant with right of defendant and cross-complainant to visit said children at all reasonable times and places." (*Kenney* v. *Kenney*, 220 Cal. 134, 139 [30 P.2d 398]; 4 Cal.Jur.2d 518.)

The order denying defendant's motion to vacate the final decree is reversed. The appeal from the original interlocutory decree of divorce is dismissed. The order denying defendant a new trial and granting alternative relief to plaintiff is affirmed. The order denying defendant's motion to vacate the modified interlocutory decree of divorce and the order denying defendant's motion to vacate orders for alimony, support money and attorney's fees are affirmed. The modified interlocutory decree of divorce as modified by this court is affirmed. Each side to bear own costs on appeal.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied June 27, 1957, and appellant's petition for a hearing by the Supreme Court was denied July 24, 1957.