Filed 6/9/15  Castro v. IndyMac INDX Mortgage Loan Trust 2005-AR21 CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROBERT J. CASTRO, | |
| Plaintiff and Appellant, | E061030 |
| v. | (Super.Ct.No. INC1302920) |
| INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR21 et al., | OPINION |
| Defendants and Respondents. | |
| ROBERT J. CASTRO, | |
| Plaintiff and Appellant, | E061704 |
| v. | (Super.Ct.No. INC1302920) |
| NDEX WEST, LLC et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  David M. Chapman,

Judge.  Affirmed.

Robert J. Castro, in pro. per., for Plaintiff and Appellant.

1

Haight Brown & Bonesteel, S. Christian Stouder, Jules Zeman, Krsto Mijanovic, and Melinda Carrido for Defendants and Respondents LPS Default Solutions, Inc. and Scott Walter.

Dykema Gossett, J. Kevin Snyder and Lukas Sosnicki for Defendants and Respondents Deutsche Bank etc., Onewest Bank etc., Erica Johnson-Seck, Chamagne Williams and Gladys Panameno.

Barrett Daffin Frappier Treder & Weiss for Defendant and Respondent NDeX West, LLC.

McCarthy & Holthus, Melissa Robbins Coutts and Matthew B. Learned for Defendant and Respondent Quality Loan Service Corporation.

Fidelity National Law Group and J. Walter Gussner for Defendant and Respondent Servicelink.

I

INTRODUCTION

Plaintiff and appellant Robert J. Castro was the owner of a La Quinta residence, which was sold in a statutory nonjudicial foreclosure sale (Civ. Code, § 2924) in May 2013, after Castro defaulted on his mortgage payments in 2008. Acting as his own lawyer, Castro has filed two related appeals from various judgments of dismissal, entered after the trial court sustained, without leave to amend, defendants' demurrers to Castro's second amended complaint (SAC).

In case No. E061030, there are two sets of related defendants. The Deutsche Bank (Deutsche Bank) defendants are 1) Deutsche Bank, as Trustee for IndyMac INDX

2

Mortgage Loan Trust 2005-AR21 (IndyMac), the ultimate holder of the note and trust deed at the time of the foreclosure; 2) OneWest Bank N.A. (OneWest), the authorized servicer for Castro's loan; and 3) three individuals, Erica Johnson-Seck, Chamagne Williams, and Gladys Panameno. The other two defendants in case No. E061030 are LPS Default Solutions, Inc. (LPS) and an individual, Scott Walker, who acted in interim roles during the foreclosure proceedings. The second appeal, case No. E061704, involves three more defendants, Quality Loan Service Corporation (Quality), an interim trustee, joined on appeal by Servicelink, and NDeX West, LLC (NDeX), the trustee for the May 2013 foreclosure.

As Castro acknowledges in his reply brief in case No. E061704, these two appeals are exactly the same. His appellate briefs and appendices are virtually identical. Therefore, we see no need to address the appeals separately. The appeals have been consolidated by order of this court.[1] Our discussion will proceed accordingly.

Castro's fundamental problem is he stopped paying his mortgage in 2008 and never cured the default. Therefore, he has no standing and cannot allege prejudice. As the Second District recently pronounced: "'There are no free houses.'" (*Boyce v. T.D. Service Company* (2015) 235 Cal.App.4th 429, 431.) For the reasons, discussed below, we agree with defendants' positions and affirm the judgment.

---

[1] We grant NDeX's request for judicial notice filed December 22, 2014, in case No. E061704.

II

FACTUAL AND PROCEDURAL BACKGROUND

*A. The SAC*

Castro purchased the La Quinta property in August 2005 with an adjustable rate mortgage of $620,000 from IndyMac Bank. The loan was immediately transferred into the IndyMac trust created by a pooling and service agreement (PSA).

In July 2008, IndyMac Bank was placed in federal receivership. A chain of transfers and assignments occurred, ultimately resulting in Deutsche Bank receiving the beneficial interest in the trust deed in September 2012, recorded on October 1, 2012.

In the meantime, Castro defaulted on his mortgage payments in 2008. An initial notice of default was recorded by Quality, the original trustee, in February 2009. Another notice of default was recorded by the successor trustee, NDeX, on December 21, 2012. At the direction of OneWest, NDeX recorded a notice of trustee's sale on April 8, 2013. NDeX sold the property for $529,226.81 at a public sale on May 1, 2013.

Castro filed two earlier complaints before filing the SAC. The 48-page SAC (plus 222 pages of exhibits) asserts 11 causes of action against multiple defendants for fraud and conspiracy, violation of Civil Code section 2923.5 (recording of notice of default), wrongful foreclosure, cancellation of trustee's deed, quiet title, unjust enrichment, unfair business practices (Bus. & Prof. Code, § 72000), intentional infliction of emotional distress, declaratory relief, injunctive relief, and accounting.

*B.  The Demurrers*

Deutsche Bank demurred on the grounds that a presumption of validity applies to foreclosure documents (Civ. Code, § 2924, subd. (c)) and Castro could not demonstrate prejudice because he was admittedly in default on the subject loan.  Furthermore, OneWest was the authorized servicer acting for Deutsche Bank, the loan's owner.  (Cal. U. Com. Code, § 3301.)  Deutsche Bank maintained Castro had based his complaint on misrepresentations of the facts and misunderstanding of the applicable law.  As explained by Deutsche Bank, the first cause of action for fraud, the sixth cause of action for "unjust enrichment," the eighth cause of action for intentional infliction of emotional distress, and the ninth, tenth, and eleventh causes of action were defectively pleaded and not actionable.  The second and third causes of action based on Civil Code section 2923.5, the fourth cause of action for cancellation of a trustee's deed, and the fifth cause of action for quiet title do not apply after a foreclosure sale has been completed and without a tender of the amounts owing.  (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 235; *Williams v. Koenig* (1934) 219 Cal. 656, 660.)  The seventh cause of action for unfair business practices fails as a derivative claim.  NDeX joined in Deutsche Bank's demurrer.

Quality, an interim trustee, filed a demurrer contending it was protected from liability by the statutory litigation privilege for trustees.  (Civ. Code, §§ 47, 2924, subd. (b); *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 343-344.)  Quality also was not the trustee for the foreclosure sale on May 1, 2013, which was conducted by NDeX.  LPS and Walker also demurred to the third, fourth, and seventh causes of action on the

5

grounds that Castro was in default on the loan and failed to tender the debt owing. Castro also failed to allege facts showing causation.

*C. The Trial Court's Ruling*

The trial court issued a written ruling sustaining all defendants' demurrers without leave to amend. The court determined Castro had no standing to challenge the foreclosure sale instituted by Deutsche Bank as the holder of the note and trust deed and OneWest and NDeX, acting as its agents. (Cal. U. Com. Code, § 3301; *Boyce v. T.D. Service Company, supra,* 235 Cal.App.4th at pp. 436-437.) In addition, the trial court held that Castro could not allege prejudice because he was in default on the mortgage. The trial court, like most appellate courts, declined to follow the much-criticized case of *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079.[2]

III

DISCUSSION

We independently review the complaint to determine whether it contains sufficient facts to state a claim. We next determine whether the trial court abused its discretion in denying leave to amend. (*G. L. Mezzetta v. City of American Canyon* (2000) 78 Cal.App.4th 1087, 1091-1092; *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)

---

[2] Our Supreme Court has granted review in three wrongful foreclosure cases that declined to follow *Glaski*. (*Yvanova v. New Century Mortgage Corp.* (2014) formerly 226 Cal.App.4th 495, review granted Aug. 27, 2014, S218973; *Keshtgar v. U.S. Bank, N.A.* (2014) formerly 226 Cal.App.4th 1201 reviewed granted Oct. 1, 2014, S220012, and *Mendoza v. JPMorgan Chase Bank, N.A.* (2014) formerly 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675.)

6

Like many who have come before the courts, Castro asserts he can allege numerous causes of action challenging the nonjudicial foreclosure. His appeals are directed mainly at the Deutsche Bank and OneWest defendants and at NDeX as the trustee which conducted the nonjudicial foreclosure sale in May 2013. To the extent he does not mention or offer salient argument about the other defendants, Castro appears to have abandoned his claims against Quality, Servicelink, LPS, and the individuals, Johnson-Seck, Williams, Panameno, and Walker. (*Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 9, fn. 1.)

Nevertheless, Castro asserts there are many reasons the May 2013 foreclosure was defective, including that defendants did not properly comply with the PSA and new theories on appeal about alter ego liability, "third-party beneficiary status," and contractual interference. In Castro's opening brief, he asserts that Quality, LPS, Walker, Johnson-Seck, and Williams violated the foreclosure statutes, in part due to "robo-signing" and defective assignments and recording, although the 2009 foreclosure was never completed. Castro also charged Servicelink, NDeX, and OneWest's employee, Panameno, with participating in defective assignments and recordings.

Together all the defendants counter jointly with various contentions that Castro lacks standing; he cannot show prejudice; and he failed to make the required tender of the amount owing to cure the defect, as well as other dispositive arguments.

Castro's argument that he has standing to challenge the nonjudicial foreclosure is based on purported defects in the sale, assignment, transfer, and recordation of the note and trust deed. However, the record demonstrates the foreclosure was properly

7

conducted according to statutory procedures by NDeX, the trustee, and OneWest, acting as a servicer for Deustche Bank, the holder of the promissory note and trust deed for the La Quinta property. (Civ. Code, § 2924; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154-1158; *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440-442.)

Castro relies mostly on *Glaski* to argue that he can challenge the authority to conduct the foreclosure by alleging the subject loan had never been properly transferred to its current owner, a securitized trust. (*Glaski v. Bank of America, supra,* 218 Cal.App.4th at pp. 1087-1088.) "In *Glaski* the mortgage investment pool was formed under a New York statute that, according to the court, rendered the loan assignment 'void' because the deed of trust was assigned after the investment pool closed. (*Glaski, supra,* 218 Cal.App.4th at p. 1096.) Based on the New York statute, the court opined that the borrower/plaintiff could sue for wrongful foreclosure. (*Glaski,* at pp. 1096-1097.) Other courts have criticized *Glaski* as inconsistent with California's foreclosure jurisprudence. [Citations.]" (*Boyce v. T.D. Service Company, supra,* 235 Cal.App.4th at p. 437.)

However, we agree with defendants *Glaski* does not apply because—even if Deutsche Bank did not receive a valid assignment of the debt—Castro cannot allege he was injured by an invalid transfer. (*Fontentot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) As the borrower, Castro cannot claim any interest in the note and trust deed after they were transferred from the original holder: "[T]he relevant parties to such a transaction were the holders (transferors) of the promissory note and the third

8

party acquirers (transferees) of the note. . . . As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515; *Boyce v. T.D. Service Company, supra,* 235 Cal.App.4th at p. 437.)

To explain further: "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507; *Boyce v. T.D. Service Company, supra,* 235 Cal.App.4th at p. 437.)

Castro cannot claim to be the victim of invalid transfers because his obligation to pay the note remained unchanged: "Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note. It is also possible to imagine one or many invalid transfers of the promissory note may cause a string of civil lawsuits between transferors and transferees" but plaintiff "may not assume the theoretical claims of hypothetical transferors and transferees . . . ." (*Jenkins v. JP Morgan Chase Bank, supra,* 216 Cal.App.4th at p. 515; *Boyce v. T.D. Service Company, supra,* 235 Cal.App.4th at p. 437.)

9

For similar reasons, Castro cannot show prejudice from the foreclosure. (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85.) Furthermore, no prejudice occurs when a borrower is in default and fails to tender and cure the default. (*Ibid.*; *Herrera v. Federal National Mortgage Assn., supra,* 205 Cal.App.4th at p. 1508; *Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at p. 272.) We reject Castro's effort to rely on contrary federal decisions that predate these dispositive California authorities.

None of Castro's arguments demonstrate he can cure the SAC by amendment. (*Torres v. City of Yorba Linda* (1993) 13 Cal.App.4th 1035, 1041.) In fact, he admits he would need to conduct discovery to be more specific. His brand new theories on appeal about alter ego liability for Deutsche Bank, Castro being a third party beneficiary of the PSA, and "defending the lien" were not raised in the trial court and are completely unsupported by the record. (*B & P Dev. Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959; *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.) We will not allow Castro to assert new arguments which were not properly raised below.

IV

DISPOSITION

In conclusion, we again adopt the sentiments from the Second District: "There is one constant theme in most, if not all, 'wrongful foreclosure' cases: failure to pay on the note secured by a deed of trust. The instant case is no exception. We will not erase appellant's signature from the note. He expressly agreed that the note could be sold. It

10

was sold consistent with statutory and decisional law." (*Boyce v. T.D. Service Company, supra,* 235 Cal.App.4th at p. 438.)

We affirm the judgment and order defendants to recover their costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON        

J.

We concur:

McKINSTER        
       Acting P. J.

KING        
       J.