Filed 6/16/16  Castro v. IndyMac INDX Mortg. Loan Trust CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROBERT J. CASTRO, | |
| Plaintiff and Appellant, | E061030 |
| v. | (Super.Ct.No. INC1302920) |
| INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR21 et al., | OPINION |
| Defendants and Respondents. | |
| ROBERT J. CASTRO, | |
| Plaintiff and Appellant, | E061704 |
| v. | (Super.Ct.No. INC1302920) |
| NDEX WEST, LLC et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  David M. Chapman,

Judge.  Affirmed.

Robert J. Castro, in pro. per., for Plaintiff and Appellant.

Haight Brown & Bonesteel, S. Christian Stouder, Jules Zeman, Krsto Mijanovic,

and Melinda Carrido for Defendants and Respondents LPS Default Solutions, Inc. and

Scott Walter.

1

Dykema Gossett, J. Kevin Snyder and Lukas Sosnicki for Defendants and Respondents Deutsche Bank etc., Onewest Bank etc., Erica Johnson-Seck, Chamagne Williams and Gladys Panameno.

Barrett Daffin Frappier Treder & Weiss for Defendant and Respondent NDeX West, LLC.

McCarthy & Holthus, Melissa Robbins Coutts and Matthew B. Learned for Defendant and Respondent Quality Loan Service Corporation.

Fidelity National Law Group and J. Walter Gussner for Defendant and Respondent Servicelink.

I

INTRODUCTION

After granting review of this court's earlier decision, the California Supreme Court transferred this case back to us with directions to vacate the decision and to reconsider the cause in light of *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919. (Cal. Rules of Court, rule 8.528(d).) *Yvanova* narrowly held "*only* that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment. [Emphasis added.]" (*Yvanova,* at p. 924.) Contrary to Castro's argument in his supplemental brief, *Yvanova* does not require reversal of the judgment.

Plaintiff and appellant Robert J. Castro purchased a La Quinta residence in 2005 and defaulted on his mortgage payments in 2008. The property was sold by Deutsche

2

Bank, as Trustee for IndyMac INDX Mortgage Loan Trust 2005-AR21 (IndyMac

INDX), in a statutory nonjudicial foreclosure sale in May 2013. (Civ. Code, § 2924.)

Acting as his own lawyer, Castro filed two related appeals from various judgments of

dismissal, entered after the trial court sustained, without leave to amend, defendants'

demurrers to Castro's second amended complaint (SAC).[1]

We confine ourselves to the limited issue of whether Castro can assert a valid

cause of action for wrongful foreclosure based on a void assignment.[2] We hold Castro

has not and cannot allege a void, rather than voidable, assignment of the subject note and

trust deed. Furthermore, Castro ceased paying his mortgage in 2008 and never cured the

default. Castro cannot allege the required elements of tender and prejudice to state a

claim for wrongful foreclosure. For these reasons, we again affirm the judgment based

---

[1] The two appeals are exactly the same and have been consolidated by order of this court. In case No. E061030, there are two sets of related defendants. The Deutsche Bank (Deutsche Bank) defendants are 1) Deutsche Bank (as trustee for IndyMac INDX) the ultimate holder of the note and trust deed at the time of the foreclosure; 2) OneWest Bank N.A. (OneWest), the authorized servicer for Castro's loan; and 3) three individuals, Erica Johnson-Seck, Chamagne Williams, and Gladys Panameno. The other two defendants in case No. E061030 are LPS Default Solutions, Inc. (LPS) and an individual, Scott Walker, who acted in interim roles during the foreclosure proceedings. The second appeal, case No. E061704, involves three more defendants, Quality Loan Service Corporation (Quality), an interim trustee, joined on appeal by Servicelink, and NDeX West, LLC (NDeX), the trustee for the May 2013 foreclosure.

[2] Castro's appeal is directed mainly at the Deutsche Bank and OneWest defendants and at NDeX as the trustee which conducted the nonjudicial foreclosure sale in May 2013. To the extent he does not mention or offer salient argument about the other defendants, Castro appears to have abandoned his claims against Quality, Servicelink, LPS, and the individuals, Johnson-Seck, Williams, Panameno, and Walker. (*Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 9, fn. 1.)

on alternative grounds to the issue decided in *Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th 919.  (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201.)

## II

## FACTUAL AND PROCEDURAL BACKGROUND

*A.  The SAC*

The second amended complaint (SAC) is the operative pleading.  The 48-page SAC (plus 222 pages of exhibits) asserts 11 causes of action against multiple defendants for fraud and conspiracy, violation of Civil Code section 2923.5 (recording notice of default), wrongful foreclosure, cancellation of trustee's deed, quiet title, unjust enrichment, unfair business practices (Bus. & Prof. Code, § 72000), intentional infliction of emotional distress, declaratory relief, injunctive relief, and accounting.

We summarize the alleged facts as they pertain to the third cause of action for wrongful foreclosure.  The SAC alleges that Castro purchased the La Quinta property in August 2005 with an adjustable rate mortgage of $620,000 from IndyMac Bank. The loan was immediately transferred into the IndyMac INDX trust, which was organized under New York law and created by a pooling and service agreement (PSA).[3]  It appears to be

---

[3] "The mortgage securitization process has been concisely described as follows: 'To raise funds for new mortgages, a mortgage lender sells pools of mortgages into trusts created to receive the stream of interest and principal payments from the mortgage borrowers.  The right to receive trust income is parceled into certificates and sold to investors, called certificateholders.  The trustee hires a mortgage servicer to administer the mortgages by enforcing the mortgage terms and administering the payments.  The terms of the securitization trusts as well as the rights, duties, and obligations of the

*[footnote continued on next page]*

4

Castro's contention that the "closing date" for the trust was August 30, 2005, and that, after that date, and no later than November 27, 2005, the beneficial interest in Castro's loan could not be transferred.

In July 2008, IndyMac Bank was placed in federal receivership. Subsequently a chain of transfers and assignments occurred. In March 2009, IndyMac Bank—represented by its nominee, MERS (Mortgage Electronic Registration Systems)—assigned the beneficial interest in the trust deed to IndyMac Federal Bank. IndyMac Federal Bank recorded a substitution of trustee, designating Quality. In June 2010, IndyMac Federal Bank assigned the beneficial interest in the trust deed to OneWest, which ultimately resulted in Deutsche Bank receiving the beneficial interest in the trust deed in September 2012, as recorded on October 1, 2012. Later, Deutsch Bank designated NDeX as the trustee, replacing Quality.

In the meantime, after Castro defaulted on his mortgage payments, he requested a loan modification in November 2008. An initial notice of default was recorded by Quality, the trustee in February 2009.

NDeX, the successor trustee, filed another notice of default in December 2012. As part of the notice of default, NDeX provided a declaration attesting to its compliance with Civil Code section 2923.5. NDeX recorded a notice of trustee's sale in April 2013.

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
trustee, seller, and servicer are set forth in a Pooling and Servicing Agreement ("PSA").' (*BlackRock Financial Management v. Ambac Assurance Corp.* (2d Cir. 2012) 673 F.3d 169, 173.)" (*Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th at p. 930, fn. 5.)

Acting at the direction of OneWest, the servicer for Deutsch Bank, NDeX sold the property for $529,226.81 at a public sale on May 1, 2013.

The third cause of action for wrongful foreclosure alleges that NDeX was not the proper trustee of record to conduct the nonjudicial foreclosure conducted in May 2013. Additionally, Castro alleges that MERS—not a named defendant—was not the beneficiary under the trust deed, although MERS acted as the nominee for IndyMac Bank and executed the assignment of the trust deed to IndyMac Federal Bank, also not a named defendant. Castro further alleged that OneWest did not comply with Civil Code section 2923.5, governing notices of default. Based on these allegations, "[d]efendants' conduct of the Trustee's Sale was wrongful, in violation of California State Law, and of no force and effect." Castro does not allege any other facts to show that the nonjudicial foreclosure was based on a void assignment, rendering it wrongful.

*B. Demurrer*

Deutsche Bank demurred on the grounds that a presumption of validity applies to foreclosure documents (Civ. Code, § 2924, subd. (c)) and Castro could not demonstrate prejudice because he was admittedly in default on the subject loan. As explained by Deutsche Bank, the third cause of action for wrongful foreclosure required Castro to tender the full amount owing and the cause of action does not apply after a foreclosure has been completed. (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 225; *Williams v. Koenig* (1934) 219 Cal. 656, 660.)

6

*C. The Trial Court's Ruling*

The trial court issued a written ruling sustaining defendants' demurrers without leave to amend. The court determined Castro had no standing to challenge the foreclosure sale instituted by Deutsche Bank, as the holder of the note and trust deed, and OneWest and NDeX, acting as its agents. (Cal. U. Com. Code, § 3301.) In addition, the trial court held that Castro could not allege prejudice because he was in default on the mortgage.

III

DISCUSSION

Castro has previously maintained defendants violated the foreclosure statutes, in part due to "robo-signing" and defective assignments and recording. Castro also asserted the May 2013 foreclosure was wrongful because defendants did not properly comply with the provisions of the PSA for the IndyMac INDX trust. In a supplemental brief filed after remand, defendants argue Castro cannot show prejudice because he failed to tender the amount owing to cure the defect.

Castro's argument that he can challenge the nonjudicial foreclosure is based on purported defects in the assignment, transfer, and recordation of the note and trust deed. However, Castro's allegations serve to demonstrate the loan was correctly assigned and the foreclosure was properly conducted according to statutory procedures by NDeX, the trustee, and OneWest, acting as a servicer for Deustche Bank, the holder of the promissory note and trust deed for the La Quinta property. (Civ. Code, § 2924; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154-1158; *Debrunner v.*

7

*Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440-442.) Furthermore, we agree Castro has not and cannot state a claim in the absence of prejudice.

   A.  *Standard of Review*

      "For purposes of reviewing a demurrer, we accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law.  We may also consider matters subject to judicial notice. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)  [Fn. omitted.]  To determine whether the trial court should, in sustaining the demurrer, have granted plaintiff leave to amend, we consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)"  (*Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th at p. 924.)

      We independently review the complaint to determine whether it contains sufficient facts to state a claim.  We next determine whether the trial court abused its discretion in denying leave to amend.  (*G.L. Mezzetta v. City of American Canyon* (2000) 78 Cal.App.4th 1087, 1091-1092; *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)  Our analysis is guided by *Yvanova*.

   B.  *Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th 919

      In *Yvanova*, the California Supreme Court considered the question:  "[U]nder what circumstances, if any, may the borrower challenge a nonjudicial foreclosure on the ground that the foreclosing party is not a valid assignee of the original lender?  Put another way, does the borrower have standing to challenge the validity of an assignment

8

to which he or she was not a party?" (*Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th at p. 928.) Alternatively stated: "The question is whether and when a wrongful foreclosure plaintiff may challenge the authority of one who claims it by assignment." (*Id.* at p. 929.)

*Yvanova* concluded that a borrower has standing to challenge an assignment as void but not voidable. A voidable transaction is one that is subject to ratification by the parties. A void transaction has no legal effect. (*Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th at pp. 929-930.) As *Yvanova* states more fully: "If a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever [citations], the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure. [Citation.]" (*Id.* at p. 935.)

As an example of a void transaction—although not a void assignment—*Yvanova* cited *Little v. CFS Service Corp.* (1987) 188 Cal.App.3d 1354, 1362, in which the court held a foreclosure sale and the subsequent trustee's deed of sale was void because of lack of notice: "Because notice of the [foreclosure] sale was not given to the trustor, junior lienor, and judgment creditor, each of whom had substantial potential claims to the property, as required by the deed of trust and by statute, and because the conclusive presumption regarding the giving of proper notice did not arise as the trustee's deed of sale was never prepared, executed and delivered to the plaintiffs, we hold that the purported sale is void." In the present case, Castro admittedly received proper notice of

9

the sale. He cannot claim the assignment of the beneficial interest or the subsequent foreclosure sale was void for that reason.

Another example of a void transaction is one that is fraudulent, illegal, or against public policy. (*First Nat. Bank of Los Angeles v. Maxwell* (1899) 123 Cal. 360, 371 [conveyance made in fraud of creditors]; *Colby v. Title Ins. & Trust Co.* (1911) 160 Cal. 632, 644 [conveyance executed under duress, menace, and undue influence].) The record before us, however, illustrates the standard progression of events during regularly-conducted foreclosure proceedings.[4] Beneficiaries often transfer their interests and frequently execute trustee substitutions. Here, although the beneficial interest in Castro's trust deed was assigned three times and the trustee was changed twice, sufficient facts are not alleged to show the transfers were fraudulent, illegal, violated public policy, or were procured by duress, menace or undue influence.

Instead, Castro offers a blizzard of conclusory allegations that the beneficial interest was not validly transferred. Castro "must set forth factual allegations that sufficiently state all required elements of [a] cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary. [Citation.]" (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.) Although Castro may allege it was a voidable transaction, he does not effectively allege the assignment of the

_____

[4] *Brown v. Deutsche Bank National Trust Company* (Cal. Ct. App., May 9, 2016, No. A144339) 2016 Cal.App.LEXIS 375, at pp. 6-7, describes the California nonjudicial foreclosure process which provides a quick, inexpensive, and efficient remedy against a defaulting debtor, protects the debtor from a wrongful loss, and assures a final sale to a bona fide purchaser. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154.)

beneficial interest or the foreclosure sale was void, i.e., illegal, fraudulent, against public policy, or procured by duress, menace or undue influence.

To the extent that Castro contends there was an irregularity in the foreclosure proceedings based on failure to comply with the PSA governing the IndyMac INDX trust, his arguments were expressly disregarded in *Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th at pages 931 and 942, and rejected in *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814-817. Like Castro, Saterbak alleged the trust deed was not assigned until years after the closing date of the trust, violating the PSA. Saterbak also claimed the assignments of the trust deed were invalidly "robo-signed." *Saterbak* recognized *Yvanova* had recently held that a borrower has standing to sue for wrongful foreclosure for a void, rather than voidable, assignment. (*Saterbak,* at p. 815.) *Saterbak* further explained the subject assignment was voidable, not void: "*Yvanova* expressly offers no opinion as to whether, under New York law, an untimely assignment to a securitized trust made after the trust's closing date is void or merely voidable. [Citation.] We conclude such an assignment is merely voidable. (See *Rajamin v. Deutsche Bank National Trust Co.* (2d Cir. 2014) 757 F.3d 79, 88, 89 ['the weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of trust law'; 'an unauthorized act by the trustee is not void but merely voidable by the beneficiary'].)" (*Saterbak*, at p. 815.)

Hence, Castro cannot allege the assignment of the beneficial interest in his trust deed was void, allowing him to sue for wrongful foreclosure. This is particularly true

11

because, again like Saterbak, Castro signed a note and trust deed agreeing the obligation could be sold without prior notice and subject to judicial foreclosure: "'The authority to exercise all of the rights and interests of the lender necessarily includes the authority to assign the deed of trust.' (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 84, disapproved on other grounds in *Yvanova, supra,* 62 Cal.4th at p. 939, fn. 13.)" (*Saterbak v. JPMorgan Chase Bank, N.A., supra,* 245 Cal.App.4th at p. 816.) Similarly, Castro cannot challenge the assignment of his loan as void under the PSA. (*Saterbak*, at p. 816.)

C. *Tender and Prejudice*

*Yvanova* carefully delineates the limited nature of its holding. As *Yvanova* states in several places, it did not address the issues of tender and prejudice as elements of the tort of wrongful foreclosure, as well as various other arguments advanced by the *Yvanova* defendants. (*Yvanova v. New Century Mortgage Corp., supra,* 62 Cal.4th at pp. 929, at fn. 4, 937, and 940-943.) Because *Yvanova* is so narrow, this court may still consider the relevant issues that *Yvanova* declined to consider.

It is undisputed that prejudice and tender are elements of the tort of wrongful foreclosure: "The basic elements of a tort cause of action for wrongful foreclosure track the elements of an equitable cause of action to set aside a foreclosure sale. They are: '(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor

12

tendered the amount of the secured indebtedness or was excused from tendering.' (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104.) . . . [M]ere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." (*Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 408-409.)

Castro admitted he stopped paying his loan in 2008 and never cured the default. In the absence of tender of the amount of his default, he cannot claim he suffered prejudice from the foreclosure. A borrower who defaults cannot sue a foreclosing lender for wrongful foreclosure without alleging (and proving) harm. (*Miles v. Deutsche Bank National Trust Company, supra,* 236 Cal.App.4th at pp. 408-409.) We hold Castro cannot allege the elements required to state a claim for wrongful foreclosure.

IV

DISPOSTION

Castro did not allege a void transaction and Castro did not allege the elements of wrongful foreclosure. Castro cannot cure the defects in his claim for wrongful foreclosure by amendment. (*Saterbak v. JPMorgan Chase Bank, N.A., supra,* 245 Cal.App.4th at p. 820.)

We affirm the judgment. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON<br>J.

We concur:

13

McKINSTER
_____
                       Acting P. J.


MILLER
_____
                                J.